**CARTER v. LIQUID CARBONIC PA-
CIFIC CORPORATION, Limited.**

No. 8646.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, Maurice J. Mahoney, and George H. Zeutzius, Sp. Assts. to Atty. Gen., and Benjamin Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Dana Latham, of Los Angeles, Cal., and W. Parker Jones, of Washington, D. C., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment of the District Court. It involves seven claims for the refund of an aggregate sum of $3,811.60 paid as manufacturer's excise taxes to appellant's decedent, as Collector of Internal Revenue, upon carbonic acid gas manufactured and sold by appellee during 1933 and 1934. On August 11, 1934, appellee filed seven separate claims for the refund of the taxes so assessed and collected. Each claim was identical, except as to amounts, and contained only the following grounds:

"The tax in question was assessed on carbonic acid gas sold by the claimant to brewers for use in manufacturing legal beer—that is, beer containing more than one-half per cent alcohol by volume and made legal by the Beer Act of 1933. The claimant contends that such beer is not a 'carbonated beverage' or a 'soft drink' within the meaning of section 615(a) (7), of the Revenue Act of 1932 and that carbonic acid gas sold for use in the manufacture of such beer is not taxable under the 1932 Act."

The commissioner rejected all claims and duly notified appellee. Whereupon this action was commenced.

The case was tried by the court without a jury, the same being waived and, on April 26, 1937, judgment was entered for appellee for the principal sum of $3,811.60. Interest was allowed at the rate of 6 per cent per annum calculated separately as to each of the seven items making up the total sum from the date of their respective payments.

The question presented is whether sales of carbonic acid gas to brewers of beer containing one-half of one percentum or more of alcohol by volume, but not more than 3.2 percentum of alcohol by weight were sales to "a manufacturer of any carbonated beverage" within the meaning of section 615 of the Revenue Act of 1932, 47 Stat. 169, 264, 265, under which section the tax was assessed and collected.

Section 615 provided in pertinent part as follows:

"(a) There is hereby imposed—* * *

"(7) Upon all carbonic acid gas sold by the manufacturer, producer, or importer, or by a dealer in such gas, to a manufacturer of any carbonated beverages, or to any person conducting a soda fountain, ice cream parlor, or other similar place of business, and upon all carbonic acid gas used by the manufacturer, producer, or importer thereof in the preparation of soft drinks, a tax of 4 cents per pound."

It was stipulated that the carbonic acid gas was sold to brewers for use by them in the manufacture of so-called 3.2 beer (containing one-half of one per cent or more of alcohol by volume, but not more than 3.2 per cent of alcohol by weight).

It was further stipulated that such beer contains carbonic acid gas in quantity substantially equal to that contained in certain other drinks properly classified as carbonated beverages. And plaintiff's own witnesses gave testimony to the effect that carbonic acid must be added to all beer to complete the process of its manufacture either by adding green beer thus creating an after fermentation or by artificially forcing carbonic acid gas into the beer. Webster's New International Dictionary, 2d ed., 1927 defines "carbonated" as impregnated with carbonic acid or carbonic dioxide. And "beverage" is defined as "something to be drunk." Burnstein v. U.S. 9 Cir., 1932, 55 F.2d 599. Consequently, it follows

that 3.2 beer is within the general meaning of the words "carbonated beverage."

But in the construction of a statute the duty of the Courts is to ascertain the legislative intent "not by taking the word or clause in question from its setting and viewing it apart, but by considering it in connection with the context, the general purposes of the statute in which it is found, the occasion and circumstances of its use, and other appropriate tests for the ascertainment of the legislative will." Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 93, 55 S.Ct. 50, 54, 79 L.Ed. 211. The application of the foregoing rule of interpretation to the statute before us leads to the conclusion that 3.2 beer is not a "carbonated beverage" within the meaning of the section.

At the trial the appellee produced five witnesses, all of whom were qualified as experienced either in the manufacture of beer or of soft drinks. These witnesses testified that the word "beer" has a definite meaning in the beverage trade as does the term "carbonated beverages"; that the term "carbonated beverages" in trade usage does not include "beer." No evidence contradictory to that just summarized was introduced.

Since we are dealing with a tax which is directed at a particular industry, this definite proof of a trade usage as to the term "carbonated beverages" calls into application the familiar rule that commercial and trade terms having a uniform and definite meaning in commerce and trade will be interpreted accordingly. As said in O'Hara v. Luckenback S. S. Co., 269 U.S. 364, 371, 46 S.Ct. 157, 160, 70 L.Ed. 313:

". . . if the act is one passed with reference to a particular trade, business, or transaction, and words are used which everybody conversant with that trade, business, or transaction, knows and understands to have a particular meaning in it, then the words are to be construed as having that particular meaning, though it may differ from the common or ordinary meaning of the words."

This rule does not become inapplicable because the term in question has a general meaning, as understood by society at large as well as a special trade significance. Hedden v. Richard, 149 U.S. 346, 13 S.Ct. 891, 892, 37 L.Ed. 763; Cadwalader v. Zeh, 151 U.S. 171, 176, 14 S.Ct. 288, 38 L.Ed. 115.

■ Appellant argues that no trade usage could have arisen prior to March 22, 1933, so as to give a trade classification to 3.2 beer because on that date 3.2 beer first became authorized (Act March 22, 1933, 48 Stat. 16) and known as a lawful beverage (prohibited by the National Prohibition Act, 41 Stat. 305, 27 U.S.C.A. § 1 et seq.) and that consequently Congress could not have intended to use the phrase in its trade sense in 1932. But the fact that the article was not legally in commerce at the time of the passage of the act does not make the rule inapplicable to this case. Pickhardt v. Merritt, 132 U.S. 252, 10 S.Ct. 80, 33 L.Ed. 353; Newman v. Arthur, 109 U.S. 132, 3 S.Ct. 88, 27 L.Ed. 883.

■ Appellant argues that in the act itself Congress indicated its intention to class beer as a carbonated beverage, since in section 615(a) (1), 47 Stat. 264, a tax is imposed: "Upon all beverages derived wholly· or in part from cereals or substitutes therefor, containing less than one-half of 1 per centum of alcohol by volume, * * *" and in section 615(a) (3), 47 Stat. 265, a tax is imposed: "* * .* upon all carbonated beverages, commonly known as soft drinks (except those described in paragraph (1) * * *."

The contention is that the beverages defined in paragraph (1) include by such definition beer containing less than one half of one percentum of alcohol by volume and that the quoted exception of paragraph (3) is thus indicative that Congress considered beer a carbonated beverage. The conclusion does not follow from the premise—the exception is only of the carbonated beverages described in paragraph (1)— since beverages other than "near" beer are comprehended by the language of such paragraph, it does not follow that near beer is included in the expression "a carbonated beverage." The· exemption is not of all the beverages described in paragraph (1) but only of such thereof as are "carbonated."

■ Entirely independent of the testimony to the effect that beer is not a carbonated beverage within the meaning of that term in trade we ·believe that the trial court properly reached the conclusion that the sales in question were not taxable as contended by the government. We believe that properly construed the tax applies only to sales to manufacturers of carbonated "soft drinks" and that 3.2 beer, even if assumed to be a carbonated beverage, is not a carbonated "soft drink."

■ The tax is imposed upon sales of carbonic acid gas to a manufacturer of "any carbonated beverages"—a term broad enough when standing alone to include "all" carbonated beverages. But we think it should be more narrowly interpreted. Section 615 is one· of the numerous sections imposing "Manufacturers' Excise Taxes" which are grouped together under title IV of the Revenue Act of 1932. The section is headed: "Tax on soft drinks." The same designation is given the section in the "Table of Contents" which immediately follows the enacting clause of the act. Other sections under title IV are headed: "Tax on furs"; "Tax on sporting goods"; "Tax on cameras"; "Tax on matches"; "Tax on candy"; "Tax on chewing gum"; etc. Section 604 et seq., 26 U.S.C.A. § 1420 et seq. note. In these circumstances the section heading should be taken as strong indication that·Congress intended, in enacting section 615, to levy a tax which would affect only soft drinks. Appellant argues that the title of an Act may be resorted to as an aid in its interpretation only if the words of the Act are doubtful or ambiguous. Cornell v. Coyne, 192 U.S. 418, 430, 24 S.Ct. 383, 48 L.Ed. 504. We do not think that the rule contended for is applicable. The heading here considered is part of the context of the statute—to ignore it in the construction of section 615 would be to ignore language of the Act itself. ·Since "the title is no part of an act" (Cornell v. Coyne, supra, page 430, 24 S.Ct. 383), a logical reason exists for limiting its use in statutory construction. But since the heading here is a part of the Act itself, the same reasoning does not apply.

■ We do not think that 3.2 beer can properly be classified as a "soft drink." Webster's New International Dictionary, 2d Ed., 1937, defines a soft drink as one not spirituous or alcoholic. Though ʻʻnear" beer is probably not taken out of the soft drink classification by reason of the fact that it may contain up to one-half of one percentum of alcohol by volume, where a beverage contains as high as 3.2 percentum of alcohol, by weight, it is certainly "alcoholic" and thus not a "soft drink," whatever may be said as to its character as an intoxicant. Appellant's statement that Congress by the Act of March 22, 1933, 48 Stat. 16, legalizing 3.2 beer gave it a character as a non-intoxicant is irrelevant, for non-

intoxicating or not it is an alcoholic beverage and thus not a "soft drink."

A further fact tending to show that Congress did not intend by section 615(a)(7) to tax sales of carbonic acid gas to brewers for use in the manufacture of beer is that at the time of the enactment of the section beer, although a prohibited article of commerce, was heavily taxed. Section 608, Revenue Act of 1918, 40 Stat. 1057, 1109, 26 U.S.C.A. § 1330(a), increased to $6.00 a barrel, the tax "On all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of 1 percentum, or more, of alcohol."

Title 2 of the .Prohibition Enforcement Act, 41 Stat. 317, 27 U.S.C.A. § 52, provided that: "This Act [chapter] shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor [liquor containing more than one-half of 1 percentum of alcohol by volume]."

Section 701, of the Revenue Act of 1926, 44 Stat. 9, 95, 26 U.S.C.A. § 1395, imposed a special excise tax of $1,000 upon every person conducting a brewery.

In view of the fact that the foregoing heavy taxes relating to the brewing industry were in existence at the time of the enactment of the Revenue Act of 1932, we think it a fair assumption that had Congress intended the tax in question to apply to sales of carbonic acid to brewers definite language to that effect would have been inserted in the act.

We conclude that the taxes in question were illegally assessed and collected and that the trial court correctly entered judgment in favor of the taxpayer for the amount thereof. The allowance of interest on each of the seven tax payments from the date of their respective payment was proper. Judicial Code, § 177, as amended by Act of June 22, 1936, c. 690, § 808, 49 Stat. 1746, 28 U.S.C.A. § 284. The provision of section 621(c) of the Revenue Act of 1932, 26 U.S.C.A. § 1420 et seq. note, that, "In no case shall interest be allowed with respect to any amount of tax under this title credited or refunded," has no application where, as here, a claim for refund has been rejected and the taxpayer brings suit for the amount of taxes illegally collected and recovers judgment therefor.

Affirmed.