## BLACK v. INTERSTATE COMMERCE COMMISSION.

### No. 12208.

Circuit Court of Appeals, Fifth Circuit.
May 12, 1948.

Joseph H. Blackshear, of Gainesville, Ga., and Elliott Goldstein, of Atlanta, Ga., for appellant.

James A. Murray, Chief Atty., Bureau of Motor Carriers, Interstate Commerce Commission, of Washington, D. C., and Lou H. Pou, Atty, Interstate Commerce Commission, J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

## McCORD, Circuit Judge.

The Interstate Commerce Commission brought this proceeding against R. Q. Black, doing business as Superior Trucking Company, alleging that the defendant was engaged in transporting and holding out to transport automobile parts, accessories, and supplies in interstate commerce, for compensation, as a common carrier by motor vehicle without having first secured a certificate of public convenience and necessity authorizing him to engage in such operations, in violation of Section 206(a) of the Interstate Commerce Act. 49 U.S.C.A. §§ 306(a), 322(b).. An injunction was sought to restrain the defendant from continuing such operations unless he should obtain authority therefor from the Commission.

In answer, defendant admitted the allegations of the complaint as to transporting and holding out to transport automobile parts, but contends that he is authorized to engage in such operations under and by virtue of a certificate of public convenience and necessity from the Commission which, with the Commission's approval, he had acquired by purchase from one Grady Russell Wallace, and which authorized the holder thereof to transport:

"Machinery and machinery parts, road construction machinery, contractor's equipment structural and reinforcing steel, and commodities requiring special equipment, over irregular routes, between points and places in Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, South Carolina, and Tennessee."

It was stipulated that the defendant had been and was engaged in the transportation of certain automobile accessories and supplies, such as wood alcohol, wax and other polishing compounds, and anti-freeze preparations, without authority; at the trial defendant, through his counsel, consented to be enjoined against any further unauthorized transportation of such articles.

The case was tried by the court without a jury, upon a stipulation and the testimony of three witnesses. The court held that defendant's operations in transporting automobile parts, accessories and supplies were not authorized by his certificate of public convenience and necessity, and issued an injunction restraining him from

continuing such unauthorized operations. From the order granting the injunction defendant brings this appeal.

Appellant here contends that the trial court erred (1) in admitting testimony as to the technical or trade meaning in the transportation industry of the phrase "machinery and machinery parts," when such meaning was plain and unambiguous; (2) in finding that transportation of automobile parts was not, in fact, the transportation of "machinery and machinery parts," as specified in the certificate of convenience and necessity issued by the Commission; (3) in admitting testimony as to whether appellant's transferor, Wallace, was engaged in transporting automobile parts before filing his application with the Commission for a certificate; (4) in finding as a fact that Wallace was not so engaged; and (5) in concluding that the certificate of convenience and necessity did not authorize the transportation of automobile parts.

The only question presented for our determination is whether the transportation of automobile parts, as engaged in by appellant, is in fact the transportation of "machinery and machinery parts," so as to be embraced within the certificate of convenience and necessity issued to appellant's transferor by the Commission.

█ We are clearly of opinion that the phrase "machinery and machinery parts," as used in the certificate in question, was not intended to receive the broad, all-inclusive interpretation contended for by appellant; that it did not embrace the transportation of automobile parts, and that the district court properly enjoined appellant from such unauthorized operations.

It becomes patent from an examination of the certificate in question that it was not intended to include within its scope the transportation of automobile parts. Specifically, the certificate authorizes the transportation of five different classes or types of property: (1) Machinery and machinery parts; (2) road construction machinery; (3) contractor's equipment; (4) structural and reinforcing steel; and (5) commodities requiring special equipment. It is obvious that the above list of the various commodities and articles which this certificate authorizes appellant to transport, whether they all be classified as machinery and machinery parts, or other types of property, they certainly do not include automobile parts.

█ We find no merit in appellant's contention that testimony was inadmissible to explain the meaning of the phrase "machinery and machinery parts," as used in the certificate. The rule has long been established that parole evidence is always admissible to explain the meaning in a particular trade or industry of terms used in a written instrument pertaining to that trade or industry. The witness, Hagerty, testified that the phrase, "machinery and machinery parts," as used in appellant's certificate, had a special limited meaning in the motor transportation industry, different from the broad, all-inclusive meaning of the words as defined in the dictionary; that as so used the phrase was not considered by the industry to include the transportation of automobile parts. This witness was shown to be an expert in the field of property classifications as related to motor transportation, having gained his knowledge from years of experience as an Examiner of the Interstate Commerce Commission. His qualifications were neither attacked nor questioned. We think his testimony was clearly relevant and admissible. Eustis Packing Co. v. Martin, 5 Cir., 122 F.2d 648; American Agricultural Chemical Co. v. Moore, D.C., 17 F.2d 196; William C. Atwater & Co. v. Terminal Coal Corporation, 1 Cir., 115 F.2d 887.

█ The testimony of Allan Watkins relating to the classes of property formerly transported by Grady Russell Wallace, appellant's transferor, was also admissible. This witness testified that he had been employed as attorney for Wallace in connection with his application for the certificate in question, and that the operations of Wallace prior to issuance of the certificate did not embrace the transportation of automobile parts. Such recourse may generally be had to the facts and circumstances surrounding a case, and to prior negotiations, for the purpose of de-

termining the proper construction of the language of the contract. Simpson v. United States, 199 U.S. 397-399, 26 S.Ct. 54, 50 L.Ed. 245; Brawley v. United States, 96 U.S. 168-173, 24 L.Ed. 622; Sternberg v. Drainage Dist. No. 17, 8 Cir., 44 F.2d 560.

If the phrase "machinery and machinery parts" were to be given the broad·meaning contended for by appellant, it could conceivably be tortured into covering the transportation of every kind of machinery and machinery parts now known, or to be known in the future. The defendant, under this certificate, could then usurp and monopolize the transportation of practically all machinery in the territory covered by his certificate, to the exclusion of every permit heretofore granted by the Commission. It seems clear that the weight of authority does not support such a view. New England Car Spring Co. v. Baltimore & Ohio R. Co., 11 Md. 81, 69 Am.Dec. 181; Carter v. Liquid Carbonic Pacific Corporation, 9 Cir., 97 F.2d 1; O'Hara v. Luckenbach S. S. Co., 269 U.S. 364, 371, 46 S.Ct. 157, 70 L.Ed 313.

We find no reversible error in the record, and the judgment is therefore affirmed.