**GENERAL MOTORS CORPORATION,
FRIGIDAIRE DIVISION**

v.

**The UNITED STATES.**

No. 49428.

United States Court of Claims.

Nov. 7, 1956.

Order Vacated March 6, 1957.

Newell W. Ellison, Washington, D. C., for plaintiff. Daniel M. Gribbon, Washington, D. C., Henry M. Hogan, Calvert Thomas, J. C. Siegesmund, Jr., Detroit, Mich., and Roberts B. Owen, Washington, D. C., were on the briefs.

J. W. Hussey, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

This is a suit for a refund of excise taxes paid by the plaintiff upon the sale by it of refrigerators and other appliances containing cooling units. In 1954 we decided a case between the same parties, and involving the same questions. See 121 F.Supp. 932, 128 Ct.Cl. 465, certiorari denied 348 U.S. 942, 75 S.Ct. 363, 99 L.Ed. 737. The former case concerned sales made from May 10, 1937, through December 31, 1941. The instant case concerns sales made from January 1, 1942, through December 31, 1944. The facts and the issues were, with one exception which will be discussed later herein, recited in our former opinion. The parties adhere to the positions taken in the former litigation. We have reconsidered the problem, and again conclude, as we did before, that the actual expense incurred by the plaintiff in fulfilling its four-year warranty of its cooling units is an "allowance," within the meaning of section 3443(a) (2) of the Internal Revenue Code of 1939, 53 Stat. 417, 26 U.S.

C.A. The plaintiff is, therefore, entitled to recover.

In our judgment in the former case we included "interest, as provided by law." The Government filed a motion to amend the judgment to exclude interest. We denied the motion without opinion. We will, therefore discuss that issue herein.

Section 2411(a) of 28 U.S.C. says:

"In any judgment of any court rendered * * * for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof * * *."

The Government points to section 3443 of the Internal Revenue Code of 1939, supra, which is entitled "Credits and refunds". Subsection (a) (2) of that section provides for a credit or a refund to a person who has paid an excise tax on the sale of an article and has later given a discount, rebate, or allowance. That is, of course, the provision which we have applied in the former case between these parties, and in this case. Subsection (c) of section 3443 says:

"Interest shall be allowed at the rate of 6 per centum per annum with respect to any amount of tax under this chapter credited or refunded, *except that no interest shall be allowed with respect to any amount of tax credited or refunded under the provisions of subsection (a) hereof.*" (Italics added.)

Since subsection (a) (2) is the statutory basis for recovery in this case, we must determine whether subsection (c) prevents the inclusion of interest in our judgment.

The Court of Appeals for the Ninth Circuit held in Carter v. Liquid Carbonic Pacific Corp., 97 F.2d 1, that the predecessor statute of section 3443(c) was applicable only to credits or refunds made administratively, and did not affect the application of 28 U.S.C. § 2411(a), quoted above, when the taxpayer was obliged to take his case to court and obtain a judgment.

In the rearrangement made by the Internal Revenue Code of 1954, 68A Stat. 3 et seq., 26 U.S.C.A., under Subtitle F, "Procedure and Administration", appears Chapter 67, "Interest" and under that chapter is Subchapter B, "Interest on Overpayments". Subchapter B, 68A Stat. 819, 26 U.S.C.A. (I.R.C.1954) § 6611 et seq., deals with ordinary credit and refund interest problems in one place, it makes a cross-reference to the discount, rebate, and allowance refunds of former section 3443(a) in another place, and it contains also this cross-reference "For interest on *judgments* for overpayments, see 28 U.S.C. 2411 (a)." (Italics added.)

█ We conclude that the plaintiff is entitled to interest from the time that the expenditures which we have held to be "allowances" were made, and claim for the refund of the proportion of the excise taxes was made.

The plaintiff is entitled to recover, with interest as provided by law and judgment will be entered to that effect. The exact amount of the judgment will be determined in further proceedings under Rule 38(c), 28 U.S.C.A.

It is so ordered.

LITTLETON, Judge, concurs.

JONES, Chief Judge (concurring).

In concurring with the foregoing opinion I think it should be made perfectly clear that the recovery in such cases is and should be limited to the cost incident to a protective plan that goes beyond the customary guarantee or service applicable in the trade generally.

In other words, if the custom of the trade generally in the particular type of article is to give a guarantee for 90 days, 1 year, 5 years or any other period, a taxpayer should not be permitted a refund on the plea that such service is not a part of the sales price. The service that is customary in the trade should be treated as covering assurance that the

**222**

article is sound and workable, therefore an integral part of the sales price.

The taxpayer should not be permitted to escape the tax as to the cost incident to that trade custom, but only as to the cost incident to supplying a service above and beyond that usual in the trade or business.

LARAMORE, Judge, joins in the foregoing concurring opinion.

WHITAKER, Judge (dissenting).

I dissent for the reasons given in the dissenting opinion in General Motors Corp., v. United States, 121 F.Supp. 932, 128 Ct.Cl. 465.