## GENERAL MOTORS CORPORATION, FRIGIDAIRE DIVISION
### v.
### UNITED STATES.
#### No. 236-56.
United States Court of Claims.
July 19, 1961.

Newell W. Ellison and Daniel M. Gribbon, Washington, D. C., for plaintiff. A. F. Power, Calvert Thomas, J. C. Siegesmund, Jr., Detroit, Mich., and Covington & Burling, Washington, D. C., were on the brief.

George Willi, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., were on the brief.

PER CURIAM.

On May 4, 1960, the court rendered an opinion in this case, together with findings of fact, holding that plaintiff was entitled to recover and entering judgment to that effect. 277 F.2d 929. The amount of recovery was to be determined in further proceedings pursuant to Rule 38(c), 28 U.S.C.A. On April 21, 1961, pursuant to a memorandum report of the trial commissioner judgment was entered for plaintiff in the sum of $787,631.69 representing the amount due plaintiff under the court's decision of May 4, 1960. This judgment was without prejudice to plaintiff's claim with regard to interest on the judgment, which claim was to be determined in still further proceedings.

On June 2, 1961, Trial Commissioner Mastin G. White filed a supplemental report recommending that no interest be allowed on the judgment entered April 21, 1961. On June 8, 1961, plaintiff filed objections to this recommendation. Upon consideration thereof, and on the basis of the trial commissioner's opinion contained in his supplemental report which is hereinafter set forth and adopted by the court, it is concluded that no interest is allowable on the judgment of April 21, 1961, and said judgment is deemed to be amended so as to be without interest.

It is so ordered.

### Opinion of Commissioner

The question presented for decision in the present proceeding is whether the plaintiff is entitled to receive interest on the amount of a judgment previously recovered in this court for the refund of part of the manufacturers' excise taxes which the plaintiff paid to the United States under Sections 3405 and 3406 of the Internal Revenue Code of 1939 (26 U.S.C., 1952 ed., 3405, 3406) for the period from August 1, 1948, to December 31, 1950.

The plaintiff, a manufacturer of electrical appliances, sold its products at stated prices during the period that is involved in the present litigation; and, with respect to those articles that were subject to the manufacturers' excise taxes imposed by Sections 3405 and 3406 of the Internal Revenue Code of 1939, the plaintiff properly paid to the United States the amounts of the excise taxes that were due on the basis of the plaintiff's sales prices.

During the period in question, the plaintiff had a cooperative advertising plan under which it reimbursed retail dealers (through distributors) for half of the cost incurred by such dealers in locally advertising certain of the plaintiff's products (including those products that were subject to the manufacturers' excise taxes), if the local advertising complied with standards set by the plaintiff and utilized media approved by the plaintiff.[1] After the plaintiff had reimbursed retail dealers for half of the cost of local advertising under the cooperative advertising plan for the period that is involved in the present case, the plaintiff took the position in claims filed with the Internal Revenue Service that the original sales prices of its products that were subject both to the manufacturers' excise taxes and to the cooperative advertising plan had been readjusted downward to the extent of the reimbursement effected under the cooperative advertising

plan, and, accordingly, that the plaintiff was entitled to a proportionate refund of the manufacturers' excise taxes which it had previously paid on the basis of the original sales prices of such products. The plaintiff's claims for refund were asserted under the following portion of Section 3443 of the Internal Revenue Code of 1939 (53 Stat. 417; 26 U.S.C., 1952 ed., 3443):

"§ 3443. Credits and refunds.

"(a) A credit against tax under this chapter [29], or a refund, may be allowed or made—

\* \* \* \* \*

"(2) to any person who has paid tax under this chapter with respect to an article, when the price on which the tax was based is readjusted \* \* \* by a bona fide discount, rebate, or allowance; in the amount of that part of the tax proportionate to the part of the price which is refunded or credited."

The Internal Revenue Service having failed to allow the claims for refund, the plaintiff instituted an action in the Court of Claims. A decision favorable to the plaintiff was rendered by the court on May 4, 1960. The court held that, as a result of the reimbursement made by the plaintiff to retail dealers under the cooperative advertising plan, the plaintiff's original sales prices had been readjusted by way of rebates to the purchasers. General Motors Corporation, Frigidaire Division v. United States, 277 F.2d 929, 930. Judgment was entered for the plaintiff, with the amount of the recovery to be determined subsequently pursuant to Rule 38(c).

On April 18, 1961, the parties filed with the court a stipulation stating that judgment should be entered for the plaintiff in the principal sum of $787,631.69 on the basis of the court's decision of May 4, 1960, but "that the entry and payment of such judgment shall be without prejudice to the subsequent entry of a fur-

---

1. It was provided in the cooperative advertising plan that the reimbursement would not exceed 1¼ percent of the plaintiff's "Suggested Cash Installed Price" of the products that were subject to the plan.

ther judgment for interest on the within amount * * * should the Court determine, upon consideration of the parties' contentions, that interest is lawfully payable upon such amount." Pursuant to this stipulation, the court on April 21, 1961, entered an order of judgment awarding the plaintiff the principal sum of $787,631.69, but stating that such action was "without prejudice to the parties' positions with respect to interest."

Thus, only the matter of interest remains in the case for disposition by the court. The attorneys have submitted proposed orders on the subject of interest and briefs in support of their respective positions. In addition, an oral argument has been held before the commissioner on this point.

The defendant calls attention to the fact that the plaintiff's judgment for refund was recovered under subsection (a) of Section 3443 of the Internal Revenue Code of 1939, and then points out that subsection (c) of the same section expressly provided as follows at the time with which we are concerned in the present proceeding:

"(c) Interest shall be allowed at the rate of 6 per centum per annum with respect to any amount of tax under this chapter credited or refunded, *except that no interest shall be allowed with respect to any amount of tax credited or refunded under the provisions of subsection (a) hereof.*" [53 Stat. 417; emphasis supplied.]

The plaintiff, on the other hand, points out that in 28 U.S.C. § 2411(a) the Congress has provided as follows:

"(a) In *any* judgment of *any* court rendered (whether against the United States, a collector or deputy collector of internal revenue, a for-

mer collector or deputy collector, or the personal representative in case of death) for *any* overpayment in respect of *any* internal-revenue tax, *interest shall be allowed* at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue. * * *" [Emphasis supplied.] [2]

In the final analysis, therefore, the problem for determination in the present proceeding is whether the disposition of the plaintiff's claim for interest on the amount of its judgment is governed by Section 3443(c) of the Internal Revenue Code of 1939 or by 28 U.S.C. § 2411(a).

This court, in three previous cases, has been involved in the matter of the payment of interest on judgments for refunds obtained under Section 3443(a) of the Internal Revenue Code of 1939. The first of these occasions was in connection with the case of General Motors Corporation, Frigidaire Division v. United States, 121 F.Supp. 932, 128 Ct. Cl. 465. In an opinion dated June 8, 1954, the court held that General Motors was entitled to a refund of part of the manufacturers' excise taxes which it had previously paid on sales of its refrigerators under Section 3405 of the Internal Revenue Code of 1939 (and a predecessor tax provision), because the plaintiff, after making the sales and paying the taxes, had expended money in fulfilling warranties on the refrigerators. Such an expenditure was regarded by the court as an allowance, within the meaning of Section 3443(a) (2). In its opinion, the court stated that the entry of judgment would be suspended to await the filing of

2. The quoted language is derived from subsection (b) of Section 177 of the Judicial Code, as amended by Section 615 of the Revenue Act of 1928 (45 Stat. 791, 877). When Title 28 of the United States Code was originally enacted into positive law on June 25, 1948, Section 2411 of Title 28, dealing with the subject of interest on judgments against the United States, used language (62 Stat. 973) different from that quoted above. However, the quoted language was restored when 28 U.S.C. § 2411 was amended by Section 120 of the Act of May 24, 1949 (63 Stat. 89, 106).

a stipulation by the parties showing the amount due the plaintiff in accordance with the opinion. Thereafter, the attorneys for the parties on September 24, 1954, filed a stipulation stating that, in accordance with the court's opinion, General Motors should "have judgment in the principal amount of $238,427.93 with interest as provided by law." Pursuant to the stipulation, the court on October 5, 1954, entered a judgment for the plaintiff in the sum of $238,427.93, "together with interest as provided by law." The Supreme Court denied certiorari on February 14, 1955 (348 U.S. 942, 75 S.Ct. 363, 99 L.Ed. 737). More than a year later, the Government filed with the court on May 29, 1956, a motion under Rule 53(a), asking that the judgment of October 5, 1954, be amended to eliminate the factor of interest. Section 3443(c) of the Internal Revenue Code of 1939 was cited in support of the motion. On July 12, 1956, the court overruled the Government's motion, without indicating the basis for such action.

The next case in the history of this problem was Chrysler Corporation v. United States, 1957, 149 F.Supp. 381, 383, 137 Ct.Cl. 821. The Chrysler Corporation purchased large quantities of gasoline and lubricating oil for use in connection with the manufacture of automobiles, and paid its vendors for the manufacturers' excise taxes imposed on the gasoline and oil by Sections 3412 and 3413 of the Internal Revenue Code of 1939. The gasoline and much of the oil were consumed during the manufacturing process, but some of the oil was used to fill portions of the completed automobile engines, and such oil remained in the engines at the time when Chrysler sold the automobiles. In selling the automobiles, Chrysler paid the manufacturers' excise taxes imposed by Section 3403 of the Internal Revenue Code of 1939. Chrysler later instituted a suit in the Court of Claims under Section 3443(a) (1) of the Internal Revenue Code of 1939 for a refund of the excise taxes that had been paid on the gasoline and oil. The court's decision was unfavorable to

Chrysler with respect to the gasoline and oil that had been consumed in the manufacturing process, but the court held for Chrysler with respect to the excise taxes that had been paid on the oil that remained in the automobile engines when the automobiles were sold by Chrysler. Without discussing the question of interest, the court entered a judgment for Chrysler in a stated sum, "plus interest as provided by law." No objection was made by the Government to the payment of interest.

The third case—and the first one in which this court specifically discussed the matter of interest on judgments for refunds granted under Section 3443(a) of the Internal Revenue Code of 1939—was General Motors Corporation, Frigidaire Division v. United States, 1956, 142 Ct.Cl. 890. That case involved the same legal question as the General Motors case which the court had decided in 1954, and the court adhered to the position which it had previously taken in 1954 to the effect that the amounts which General Motors had expended in fulfilling warranties should be regarded as allowances within the meaning of Section 3443(a) (2) of the Internal Revenue Code of 1939. In the 1956 opinion, however, the court went on to discuss the question whether interest was payable on the amount of the judgment which it was entering under Section 3443(a) (2). The court held that interest was payable pursuant to 28 U.S.C. § 2411(a), citing with approval a statement by the United States Court of Appeals for the Ninth Circuit in the case of Carter v. Liquid Carbonic Pacific Corporation, 9 Cir., 1938, 97 F.2d 1, 5, to the effect that the prohibition in Section 621(c) of the Revenue Act of 1932 (47 Stat. 169, 267)—the predecessor of Section 3443(c) of the Internal Revenue Code of 1939—against the payment of interest on credits and refunds of manufacturers' excise taxes was applicable only to credits and refunds made administratively, and had no application in a case where a taxpayer's claim had been rejected by the Internal Revenue

Service and the taxpayer was obliged to take his case to court to obtain a judgment.

The position taken by this court in the 1956 General Motors decision relative to the question of interest would obviously dispose of the similar question that is before the court in the present proceeding if it were not for developments that have occurred subsequently in connection with the case of Bulova Watch Company, Inc. v. United States, 1958, 163 F.Supp. 633, 637, 143 Ct.Cl. 342. In the latter case, the Court of Claims held that Bulova was entitled to a judgment, "with interest as provided by law," for (among other things) an overpayment of the company's excess profits taxes for the fiscal year that ended on March 31, 1942. Part of this particular recovery was attributable to an unused excess profits credit carryback from the succeeding fiscal year that ended on March 31, 1943. When the time came to compute the "interest as provided by law" on the principal amount of the judgment, the Internal Revenue Service, with respect to the portion of the recovery that was attributable to the carry-back previously mentioned, relied on Section 3771(e) of the Internal Revenue Code of 1939, as amended by Section 153(d) of the Revenue Act of 1942 (56 Stat. 798, 848), and computed interest from the date on which Bulova had filed its claim for refund (i. e., from June 14, 1945). Section 3771(e), which was a part of Chapter 37 of the Internal Revenue Code of 1939 dealing with the subject of abatements, credits, and refunds, provided as follows:

"§ 3771. Interest on Overpayments.

\* \* \* \* \*

"(e) Claims based on carry-back of loss or credit. If the Commissioner determines that any part of an overpayment is attributable to the inclusion in computing the net operating loss deduction for the tax-

able year of any part of the net operating loss for a succeeding taxable year or to the inclusion in computing the unused excess profits credit adjustment for the taxable year of any part of the unused excess profits credit for a succeeding taxable year, *no interest shall be allowed or paid with respect to such part of the overpayment for any period before the filing of a claim for credit or refund of such part of the overpayment or the filing of a petition with the Tax Court,[3] whichever is earlier."* [Emphasis supplied.]

Bulova objected to the method of computing interest employed by the Internal Revenue Service, and filed with the court a motion asking that, under 28 U.S.C. § 2411(a), interest on the portion of the judgment attributable to the carryback be computed from the earliest date when the overpayment could have been determined (i. e., from March 31, 1943), rather than from the date when the claim for refund was filed. As noted earlier in this opinion, 28 U.S.C. § 2411 (a) provides as follows:

"(a) In any judgment of any court rendered \* \* \* for any overpayment in respect of any internal revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, *from the date of the payment or collection thereof* \* \*. [Emphasis supplied.]

This court denied Bulova's motion, without opinion. Thereafter, the Supreme Court granted certiorari to review this court's action. 364 U.S. 861, 81 S.Ct. 103, 5 L.Ed.2d 85. In its decision dated April 17, 1961, affirming the action of this court, 365 U.S. 753, 81 S.Ct. 864, at page 866, 6 L.Ed.2d 72, the Supreme Court said that the question presented in the case was:

" \* \* \* whether the date from which interest accrues on an over-

---

3. The original reference was to the Board of Tax Appeals, but the name of that agency was changed to the Tax Court ef-

fective October 22, 1942, by virtue of Section 504(a) of the Revenue Act of 1942 (56 Stat. 798, 957).

payment of taxes attributable to an unused excess profits credit carry-back is governed by § 3771(e) of the Internal Revenue Code of 1939, or by 28 U.S.C. § 2411(a)."

With respect to this question, the Supreme Court said (81 S.Ct. at page 868) that "it is familiar law that a specific statute controls over a general one," and then held as follows (81 S.Ct. at page 869):

"In the light of the provisions of § 3771(e) and its clear legislative history, we think it is a special statute relating solely to, and exclusively governing, tax refunds attributable to the carry-back provisions of the internal revenue laws, and hence prevails, as respects the special subject of carry-backs, over the general provisions of § 2411(a). * * *"

 If I correctly understand the action by this court and the Supreme Court's decision in the Bulova case, they establish the principle that a specific provision in the Internal Revenue Code relating to the allowance of interest on a particular type of tax refund is applicable to any such refund irrespective of whether it is obtained administratively or by virtue of a court action, and therefore prevails over the general provisions of 28 U.S.C. § 2411(a) in the event of any inconsistency between the two. Hence, in the Bulova case, this court acted contrary to, and the Supreme Court in effect overruled, the view expressed by the Court of Appeals for the Ninth Circuit in the Carter case to the effect that provisions in the Internal Revenue Code dealing with the subject of interest on tax refunds were applicable only to refunds obtained administratively, and had no application in a situation where a taxpayer's claim had been rejected by the Internal Revenue Service and the taxpayer was obliged to take his case to court to obtain a refund.

The same legal principle that was involved in the Bulova case is also involved in the present proceeding before the Court of Claims. As previously stated, the judgment obtained by the plaintiff in our present case was for a refund of manufacturers' excise taxes under Section 3443(a)(2) of the Internal Revenue Code of 1939. At all times material to this litigation, the general subject of manufacturers' excise and import taxes was covered by Chapter 29 of the Internal Revenue Code of 1939. Subchapter A of that chapter dealt with the imposition of manufacturers' excise taxes; Subchapter B dealt with import taxes; and Subchapter C consisted of general administrative provisions. One of the general administrative provisions was Section 3443, which specifically covered the matter of credits and refunds of the taxes provided for in Chapter 29. As noted earlier in the opinion, subsection (c) of Section 3443 related to interest on such refunds and credits, and this subsection declared in plain, unequivocal language, "that no interest shall be allowed with respect to any amount of tax credited or refunded under the provisions of subsection (a) hereof."

 To paraphrase the language used by the Supreme Court in the Bulova case, Section 3443(c) was a special statutory provision relating solely to, and exclusively governing, interest on credits and refunds of manufacturers' excise and import taxes, and hence prevails, as regards the special subject of interest on such refunds and credits, over the general provisions of 28 U.S.C. § 2411(a).

The conclusion stated above is supported by the legislative history of Section 3443(c). As indicated earlier in this opinion, the original statutory provision relating to the payment of interest on refunds and credits of manufacturers' excise and import taxes was Section 621(c) of the Revenue Act of 1932, which merely stated (47 Stat. 268) that:

"(c) In no case shall interest be allowed with respect to any amount of tax under this title credited or refunded."

This provision was taken from Section 605 of H.R. 10236, 72d Congress, as reported by the Ways and Means Committee of the House. In explaining the provision, the committee stated (H.R. Rep. No. 708, 72d Cong., 1st Sess., p. 39) that:

> Subsection (c) prohibits interest on credits and refunds, whether allowed or made administratively *or pursuant to a judgment of a court.* * * * [Emphasis supplied.]

Thus, it is clear that the Congress, when it originally legislated specifically relative to the matter of interest on refunds and credits of manufacturers' excise and import taxes, intended to cover refunds obtained by judicial action as well as refunds and credits obtained by administrative action, and intended to prohibit the payment of interest on both types of refunds. Later, Section 621(c) of the Revenue Act of 1932 was amended by Section 401(c) of the Revenue Act of 1935 (49 Stat. 1014, 1026) so as to read as follows:

> "(c) Interest shall be allowed at the rate of 6 per centum per annum with respect to any amount of tax under this title credited or refunded, *except that no interest shall be allowed with respect to any amount of tax credited or refunded under the provisions of subsection (a) hereof * * *."* [Emphasis supplied.]

The language quoted immediately above was incorporated in the Internal Revenue Code of 1939 as Section 3443(c), the statutory provision with which we are concerned in the present proceeding. Therefore, although Congress relaxed the original flat prohibition against the payment of interest on all refunds and credits of manufacturers' excise and import taxes, the Congress nevertheless specifically retained the original prohibition in so far as refunds and credits under subsection (a) of Section 621 (later Section 3443) were concerned. It is a refund under subsection (a) that is involved in the present case.

Since the plaintiff's refund in this case was obtained under Section 3443(a) of the Internal Revenue Code of 1939, and since the Congress in Section 3443(c) of the same statute specifically prohibited the allowance of interest on any tax refund obtained under Section 3443(a), it is my opinion that this court, in compliance with the principle referred to by the Supreme Court in the Bulova case, should deny the plaintiff's claim for interest on the amount of the refund.