STATE OF MISSOURI at the relation and to the use of PUBLIC SERVICE COMMISSION OF THE STATE, ALBERT BOND LAMBERT, SAMUEL H. LIBERMAN, THOMAS L. FARRINGTON and OTTO F. HARTING, Police Commissioners of the City of St. Louis; JOHN H. GLASSCO, Chief of Police of the City of St. Louis; JOHN F. CARROLL, Chief of Detectives of the City of St. Louis; A. D. SHEPPARD, Acting Superintendent of the State Highway Patrol; ROY MCKITTRICK, Attorney General of the State, Relators, v. EUGENE L. PADBERG, as Judge of the Circuit Court of the City of St. Louis, and of Division No. 3 thereof.—145 S. W. (2d) 150.

Court en Banc, December 3, 1940.

*James H. Linton, Daniel C. Rogers, Edgar H. Wayman, Harold C. Hanke* and *Covell R. Hewitt* for relators.

*Godfrey, Anderson, Schurr & Taylor* for respondent.

DOUGLAS, J.—This is an original action in prohibition to stop a proceeding in the Circuit Court of the City of St. Louis. That proceeding was instituted by some motor carriers to prevent the enforcement of the Bus and Truck Law against them on their claim of exemption under the terms of the law. Relators contend the circuit court is deprived of jurisdiction under the Public Service Commission Act.

In 1931 the Legislature adopted a new Article VIII of Chapter 33, R. S. 1929, of that Act which invested the Public Service Commission with the supervision, regulation and licensing of commercial hauling by motor vehicles over the public highways. [Mo. Stat. Ann., secs. 5264-5280.] Section 5280 provided that the act should not apply to trucks of one and one-half ton capacity and less. Certain other exemptions which are not pertinent to this case were also provided for. The act declares it unlawful for any common carrier by motor or for any contract hauler to operate without first obtaining from the commission the proper permit and paying the required license fee. The license fees are graduated according to the load capacity of the truck and commence with trucks having more than one

and one-half ton capacity. In this connection the law vested in the commission the right to rate the capacity of the truck in computing the license fee "on the manufacturer's rated load capacity or the actual weight carrying capacity of the vehicle, which capacity shall be determined by the public service commission" at the time of issuing the permit. [Sec. 5272.] It seems that the commission has made it a practice not to rate according to the "manufacturer's rated load capacity" but has made its ratings on the actual weight carrying capacity and has determined also that actual weight carrying capacity is the basis of the exemption of trucks of one and one-half ton capacity and less. This latter determination has given rise to the present controversy.

The plaintiffs in the circuit court proceeding are several trucking companies and they are seeking a declaratory judgment for the construction of such exemption clause. They claim its correct construction would exempt trucks of "one and one-half ton capacity and less *as rated by the manufacturer.*" They admit that they operate as common carriers or contract haulers in the State and that they use trucks of one and one-half ton capacity and less as rated by the manufacturers of said trucks and that they operate without a permit from the commission. They further admit that the commission asserts that their trucks are capable of carrying more than one and one-half tons and are therefore not exempt.

The commission tried unsuccessfully to have the suit in the circuit court dismissed for lack of jurisdiction and thereupon applied here for prohibition.

The Public Service Commission Act provides by Section 5234, R. S. 1929, for a judicial review of the decisions of the commission. In addition that section prohibits the courts from otherwise interfering with the commission in the performance of its official duties. Our courts have pointed out the wisdom of such orderly procedure. In an opinion by Judge CLARK in the case of State ex rel. Public Service Commission v. Blair, No. 37,339, 347 Mo. —, 146 S. W. (2d) 865, considered contemporaneously herewith, we held "that no court can enjoin the Commission *in the performance of its duties,* nor alter its decisions except in review in the manner provided in the Act." In State ex rel. Cirese v. Ridge, 345 Mo. 1096, 138 S. W. (2d) 1012, we approved the rule which declared that matters within the jurisdiction of the commission must first be determined by it in every instance before the courts will adjudge any phase of the controversy because otherwise different phases might be pending before the commission and the courts at one time, thereby leading to the endless confusion.

We have persistently held it is the exclusive duty of the commission, acting within statutory limits, to make findings of fact. Again we refer to Judge CLARK's opinion in State ex rel. Public Service Commission v. Blair, supra, where we hold that a circuit court

cannot enjoin the commission from determining in the first instance a matter of *fact* in support of its jurisdiction. We have reached the same conclusion in this case. [See, also, State ex inf. Barker v. Kansas City Gas Co., 254 Mo. 515, 163 S. W. 854; State ex rel. Kansas City Pub. Serv. Co. v. Latshaw, 325 Mo. 909, 30 S. W. (2d) 105; Public Service Commission v. Kansas City Power & Light Co., 325 Mo. 1217, 31 S. W. (2d) 67; Southwest Mo. Railroad Co. v. Public Service Commission, 281 Mo. 52, 219 S. W. 380.]

Turning again to the exemption clause we find: ''the provision of this act shall not apply to trucks of one and one-half ton capacity and less.'' No ambiguity whatever is present in this enactment and the statement of the parties that it is ambiguous does not make it so. What is a truck of one and one-half ton capacity is a fact to be determined. The commission is expressly clothed with the power to determine the capacity of trucks for the purpose of fixing and assessing license fees. There is no force or logic to the argument that the commission cannot determine such capacity for the purpose of *exemption* from such fees. It must find a truck has more than one and one-half ton capacity before it can assess the lowest license fee.

In addition to certain positive powers expressly conferred upon the commission it is also vested with all others necessary and proper to carry out fully and effectively the duties delegated to it. [State ex rel. Pitcairn v. Public Service Commission, 232 Mo. App. 755, 111 S. W. (2d) 982.]

It is contended that trucks rated as one and one-half ton capacity *by the manufacturer* are exempt. Assuming such contention to be correct it would directly conflict with the license fee provision under which, as admitted here, the commission does not accept the manufacturer's rating but by express power rates according to actual carrying capacity. This would be the situation: A truck rated one and one-half ton capacity by the manufacturer would be exempt under respondent's contention, yet if the commission pursuing its usual practice, found the actual carrying capacity of the *same* truck to be in excess of one and one-half tons then the commission is authorized to collect a license fee on it. Such contention on its face and under the express provisions of the law is obviously untenable. To adopt it would do violence to the fixed guide in statutory construction that provisions of an act must be construed in harmony with each other so as to give force and effect to each.

The determination of truck capacity is a fact to be found in the first instance by the commission. The law gives the commission the right to relieve itself of this burdensome operation by accepting the manufacturer's rated load capacity if the commission desires, but the commission has chosen to make its own finding. Its choice has been forced upon it, no doubt because there appears to be no standard, rule or guide followed by manufacturers in rating the load capacity of

their trucks. As far as we know such rating is governed only by the individual considerations of each manufacturer.

If the circuit court should be permitted to force the commission to exempt a truck which in fact is not entitled to exemption, and this the proceeding below attempts to do, the circuit court would be violating the limitations of Section 5234 and would be proceeding without jurisdiction of the subject matter.

It would serve no useful purpose to discuss other matters presented for our consideration.

The provisional rule in prohibition should be made absolute. It is so ordered. All concur.