321 P.2d 207

STATE of New Mexico ex rel. STATE CORPORATION COMMISSION, John Block, Jr., Ingram B. Pickett, James F. Lamb, Members of Said Commission, and Geronimo Lines, Inc., Relators,

v.

Hon. C. C. McCULLOH, Judge of The First Judicial District of the State of New Mexico, Respondent.

No. 6305.

Supreme Court of New Mexico.

Nov. 25, 1957.

Rehearing Denied Feb. 17, 1958.

Fred M. Standley, Atty. Gen., Joel B. Burr, Ass't Atty. Gen., Jethro S. Vaught, Jr., Albuquerque, for relators.

Manuel A. Sanchez, Melvin T. Yost, Santa Fe, for respondent.

COMPTON, Justice.

The question is whether a district court may, by injunction, stay an order of the State Corporation Commission, pending a determination by the court as to whether such order is lawful and reasonable.

Upon application of Geronimo Lines, Inc., the commission entered an order authorizing the applicant to transport passengers, baggage, express, newspapers and U. S. Mail between Truth and Consequences and Albuquerque and intermediate points, including off-route points within a limited radius of U. S. Highways 60 and 85 and State Highways 6 and 147. After the order of the Commission was entered and before the certificate of authority was issued by it, Transcontinental Bus System, a holder of a certificate of public convenience and necessity to transport passengers and express over U. S. Highway 85 between Albuquerque and El Paso, Texas, and having protested the issuance of the certificate, commenced an action in the District Court under provisions of § 64–27–68(a), 1953 Comp., to vacate and set aside the order on the ground that it was unlawful and unreasonable; and further, to enjoin the issuance of the certificate by the Commission. Respondent first entered an order ex parte, temporarily restraining the commission from issuing the certificate.

Thereafter, at a hearing to determine whether the injunction should be made permanent, respondent, over objection of relators, admitted evidence tending to prove that Transcontinental Bus System, pending the final hearing, would suffer irreparable injury and damage. Upon this showing, respondent announced that he would enter an order making the injunction permanent, pending a decision on the validity of the order to be reviewed.

Relators then brought this action contending that respondent lacked jurisdiction to grant the injunctive relief, pendente lite. Thereupon, we issued our writ restraining respondent from entering the order until the further orders of this court.

The separation of powers doctrine found in Art. 3, § 1, of our Constitution, supplies the answer. The section reads:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this Constitution otherwise expressly directed or permitted."

Clearly, one branch of the state government may not exercise powers and duties belonging to another. In Transcontinental Bus System, Inc., v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829, 834, we expressed this doctrine, saying: "The State Corporation Commission in these matters is an administrative board exercising a legislative function which courts are without power to control and review except by express constitutional or statutory authority." To the same effect, see Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323.

The power of the court to issue injunctions preliminary to a decision on the merits, was considered in New Mexico Transportation Co., Inc. v. State Corporation Commission, 51 N.M. 59, 178 P.2d 580, in which we held that "the Court may enjoin the issuance of such a certificate only when the record shows the order of the Commission was unlawful or unreasonable." We see no reason to depart from the holding in that case. Of course, following an adjudication on the merits, various extraordinary remedies are available to enforce the orders of the court, the statute so provides.

We have consistently held that the district court in determining whether an order of the commission is lawful or unlawful, reasonable or unreasonable, is limited to a consideration of the record made before the commission. Garrett Freight Lines v. State Corporation Commission, 63 N.M. 48, 312 P.2d 1061; Transcontinental Bus System, Inc. v. State Corporation Commission, supra; State ex rel. Trans-

continental Bus Service, Inc. v. Carmody, 53 N.M. 367, 208 P.2d 1073. The rationale of these cases is consistent with our holding in New Mexico Transportation Co. v. State Corporation Commission, supra.

It follows that the alternative writ should be made absolute, and it is so ordered.

LUJAN, C. J., and HENSLEY, District Judge, concur.

KIKER, J., not participating.

SADLER and McGHEE, JJ., dissenting.

SADLER, Justice (dissenting).

The majority opinion entirely misconceives the purpose of the injunction by the district court. It was issued to preserve the status quo of the subject matter of the proceeding before it, pending a decision on the merits of the statutory review sought. In mistakenly denying to the district court the power so to do, we rob it of one of its inherent powers, historically exercised by all courts to preserve the subject matter of the causes before them and secure to the victor the fruits of a favorable judgment, whether for money or in the form of other relief.

The division of powers clause in our constitution, relied upon by the majority, has nothing whatever to do with the matter. It is simply a question of whether the district court is to be shorn of ancillary powers, inherent in its nature, indispensable to the proper administration of justice in causes coming before it, and historically employed to make certain its judgments shall not prove fruitless. We could with as much reason cut off any other arm of the court as traditionally constituted and lay it at the door of the division of powers clause of our constitution.

The majority holding otherwise, I Dissent.

McGHEE, J., concurs.