380 P.2d 182

**STATE of New Mexico ex rel. STATE CORPORATION COMMISSION and G. Y. Fails, Ingram B. Pickett and Murray E. Morgan, Members of said Commission, Relators,**

**v.**

**Honorable Frank B. ZINN, Judge of the Eleventh Judicial District of the State of New Mexico, Respondent.**

**No. 7348.**

Supreme Court of New Mexico.

March 14, 1963.

Rehearing Denied April 16, 1963.

Earl E. Hartley, Atty. Gen., J. E. Gallegos, Norman S. Thayer, Asst. Attys. Gen., Santa Fe, for relators.

Verity, Burr & Cooley, Joel B. Burr, Jr., Farmington, Seth, Montgomery, Federici & Andrews, Richard S. Morris, Santa Fe, Jack K. Currey, Abilene, Tex., for respondent.

MOISE, Justice.

This is an original proceeding in prohibition in which the State Corporation Commission, as relator, seeks to prohibit the respondent, District Judge, from considering whether or not relators should be restrained and enjoined from proceeding with a hearing called to determine whether Mc-

Wood Corporation was engaged in the transportation of property for hire in New Mexico and subject to the jurisdiction of relator.

The pleadings herein disclose that in Cause No. 31876, entitled McWood Corporation, a corporation, v. State Corporation Commission, et al., on the docket of the district court of Santa Fe County, being a declaratory judgment action in which respondent has been designated to preside, the same issue as relators are considering is pending for determination. It is argued that respondent's jurisdiction was acquired before any jurisdiction was obtained by relators, and by virtue of that fact is exclusive. Respondent denies that relators have any jurisdiction to determine the issue, and asserts that if they do, it is not exclusive, but is concurrent with that of respondent. Respondent also claims a right to entertain an application for a temporary restraining order and preliminary injunction as ancillary to his general jurisdiction to decide the issue in the cause pending before him.

At the outset, we are presented with a proposition to the effect that relator, being a constitutionally created arm of the government, is immune from suit at the instance of private parties in the district court and, accordingly, no jurisdiction was or could be acquired over it in cause No. 31876 on the docket of the district court of Santa Fe County. However, we do not deem an answer to this question is necessary to a disposition of the case, and accordingly we refrain from entering upon a discussion of this issue. See Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796.

As we view the problem, the controlling question is whether the respondent has jurisdiction to pass upon the issues present in the cause pending before the court, including whether or not relator should be enjoined from considering the matters pending before it.

In two recent cases, State ex rel. Kermac Nuclear Fuels Corporation v. Larrazolo, 70 N.M. 475, 375 P.2d 118; and State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54, we have had occasion to review our cases on prohibition. It would serve no purpose to repeat this task. Any who are interested may refer to the cases mentioned for the analysis made by the court. However, summarizing what was said in State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, supra, we are clear that if a court has jurisdiction of both the subject matter and the parties, ordinarily prohibition will not issue. Two exceptions where prohibition would issue even though jurisdiction of parties and subject matter were present are recognized. One is where a court is acting in excess of jurisdiction, and the other is in a situation where under

our power of superintending control refusal to act would cause irreparable mischief, exceptional hardship, undue burdens of expense, or where the burdens of appeal would be grossly inadequate. We approach the problems here present with the foregoing rules in mind.

Relator argues that it is a constitutional body deriving its power from the provision of Art. XI, § 7. It is further the position of relator that the powers granted to it are excepted from the jurisdiction of the district courts in Art. VI, § 13, wherein it is stated that "The district court shall have original jurisdiction in all matters and causes *not excepted in this Constitution* * * *."

The powers granted to the commission in Art. XI, § 7, N.M.Const., so far as relied on by relator herein, are as follows:

"The commission shall have power and be charged with the duty of fixing, determining, supervising, regulating and controlling all charges and rates of railway, express, telegraph, telephone, sleeping-car, and other transportation and transmission companies and common carriers within the state; * * * The commission shall also have power and be charged with the duty to make and enforce reasonable and just rules requiring the supplying of cars and equipment for the use of shippers and passengers, and to require all intrastate railways, transportation companies or common carriers, to provide such reasonable safety appliances in connection with all equipment, as may be necessary and proper for the safety of its employees and the public, and as are now or may be required by the federal laws, rules and regulations governing interstate commerce. The commission shall have power to change or alter such rates, to change, alter or amend its orders, rules, regulations or determinations, and to enforce the same in the manner prescribed herein; * * *."

Respondent meets the argument by asserting that the issue present before the relator has nothing to do with charges or rates, which it is claimed is the limit of the constitutional grant of power so far as transportation companies and common carriers are concerned, and asserts further that no power is granted to determine who is and who is not a transportation company or common carrier for whom power is granted to "fix, determine, supervise, regulate and control all charges and rates."

Although the power to determine the extent of the commission's jurisdiction is not expressly given in the Constitution, we take note of the powers and jurisdiction over motor carriers granted to relator by statutes passed by the legislature. By

§ 64–27–1(b), N.M.S.A.1953, the legislative purpose is announced:

"It is hereby declared to be the purpose and policy of the legislature in enacting this law to confer upon the commission the power and authority to make it its duty to supervise and regulate the transportation of persons and property by motor vehicle for hire upon or over the public highways of this state in all matters whether specifically mentioned herein or not so as to: ·(1) Relieve the existing and all future undue burdens on the highways arising by reason of the use of the highways by motor vehicles; (2) protect the safety and welfare of the traveling and shipping public in their use of the highways; (3) carefully preserve, foster and regulate transportation and permit the co-ordination of transportation facilities."

In § 64–27–1(a), N.M.S.A.1953, the term "motor vehicle" is defined and in § 64–27–2, N.M.S.A.1953, "common carrier" is defined. The powers and duties of relator regarding common carriers are specified in § 64–27–6, N.M.S.A.1953, as follows:

"The commission is vested with power and authority, and it shall be its duty, to supervise and regulate all common motor carriers of property or passengers as defined in section 2 [64–27–2] of this act, and to fix, alter, regu-

late and determine just, fair, reasonable and sufficient rates, fares, charges and classifications; to regulate the facilities, accounts, service and safety of operations of each such carrier, to regulate operating and time schedules so as to meet the needs of the public, and so as to insure adequate transportation service to the territory traversed by such carriers, and so as to prevent unnecessary duplication of service between common motor carriers; to require the filing of annual· and other reports, tariffs, schedules and other data by such common motor carriers, and to supervise and regulate such common motor carriers in all matters affecting the relation between such carriers and other common carriers, to the end that the provisions of this chapter may be fully and completely carried out. The commission shall have power and authority, by general order or otherwise, to prescribe rules and regulations in conformity with this act applicable to any and all such common motor carriers, and to do all things necessary to carry out and enforce the provisions of this act."

§ 64–27–19, N.M.S.A.1953, contains the provisions and powers of the commission applicable to contract motor carriers.

Sec. 64–27–5, N.M.S.A.1953, provides that common carriers shall not operate on the

highways of the state except in accordance with the act. § 64–27–16, N.M.S.A.1953, provides the same as to contract motor carriers. § 64–27–8, N.M.S.A.1953, makes it unlawful "for any common motor carrier to operate within this state without first having obtained from the commission a certificate of public convenience and necessity," and sets forth the procedure to be followed to acquire such a certificate.

"Contract motor carrier of property" is defined in § 64–27–14, N.M.S.A.1953. § 64–27–17, N.M.S.A.1953, makes it unlawful for a contract motor carrier to operate in this state without first obtaining a permit to do so from relator, and sets up the procedure for applying for and obtaining such a permit.

Sec. 64–27–38, N.M.S.A.1953, appears to be the basis for the present proceeding before relator. The section reads as follows:

"Whenever the commission shall determine to conduct an investigation, either upon or without complaint, as in this act provided for, it shall fix a time and place for public hearing of the matters under investigation. Before proceeding to make such investigation, the said commission shall give the carrier and the complainant at least ten [10] days' notice of the time and place when and where such matters will be considered and determined, and all parties shall be entitled to be heard, through themselves or their counsel, and shall have process to enforce the attendance of witnesses. At the hearing held pursuant to such notice, the commission may take such testimony as may be offered or as it may desire, and may make such other and further investigation as in its opinion is desirable."

§ 64–27–68, N.M.S.A.1953, provides the exclusive procedure for obtaining review in the district court of any order entered by the commission which is not reviewable in the Supreme Court under Art. XI, § 7, N.M. Const., and § 64–27–71, N.M.S.A.1953, provides for appeal to the Supreme Court from the district court.

It is alleged in the petition filed herein and admitted in the answer that on December 3, 1962, an order was entered in the commission's docket in a cause entitled, "In the Matter of the Investigation of Motor Carrier Operations and Practice of McWood Corporation, a Delaware Corporation." A hearing was called to determine whether McWood Corporation has been and/or is engaging in the transportation of property over the public highways of New Mexico for compensation as a common or contract carrier by motor vehicle. It is also alleged in the petition and admitted in the answer that the relator held a hearing on the matter as docketed on January 3 and 4, 1963, and then recessed

until January 7, 1963, and that respondent set a hearing on January 8, 1963, on Mc-Wood Corporation's application for a temporary restraining order and preliminary injunction against relators, and unless prohibited he will proceed to hear the same. It is alleged by relator and denied by respondent that respondent is without jurisdiction to enter the relief sought against relators.

■ Accordingly, we come to the question of jurisdiction. Aside from the question of whether in the proceedings undertaken by it the relator was acting pursuant to its power conferred by Art. XI, §§ 7 and 8, N.M.Const., we find in the statutes noted supra ample authority for what it was doing. The powers and authority conferred on relator by the legislation providing for regulation and supervision of transportation for hire by motor carriers is not a judicial function, but is "legislative and/or administrative." Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323. In the later case of Transcontinental Bus System, Inc. v. State Corp. Comm., 56 N.M. 158, 241 P.2d 829, we again recognized that the corporation commission was an administrative tribunal acting in a legislative capacity in a situation where it was sought to have the court vacate an order of the corporation commission granting a certificate of public convenience and necessity. The case discusses the proper scope of review of the action of the commission.

In State ex rel. State Corporation Comm. v. McCulloh, 63 N.M. 436, 321 P.2d 207, a sequel to Transcontinental Bus System, Inc. v. State Corp. Comm., supra, we made a writ of prohibition absolute, thereby preventing the court from entering an injunction which would have stayed an order of the commission pending determination in court of the reasonableness or lawfulness of the commission order.

Respondent would distinguish State ex rel. State Corp. Comm. v. McCulloh, supra, by virtue of the fact that in that case the issuing of a certificate of convenience and necessity was a purely legislative or ministerial function to carry out the commission's previous order, whereas here the relator is acting in a judicial capacity in determining McWood Corporation's status and its own jurisdiction. While the case may be otherwise distinguishable, we cannot agree that the distinction urged is meritorious.

The argument advanced by respondent is identical with one of the claims made in Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, an oft cited case on this subject. Involved was a question of whether the provision of the National Labor Relations Act applied to a corporation's business, it being asserted that the corporation was not engaged in

interstate or foreign commerce. The court had the following to say:

"It is true that the Board has jurisdiction only if the complaint concerns interstate or foreign commerce. Unless the Board finds that it does, the complaint must be dismissed. And, if it finds that interstate or foreign commerce is involved, but the Circuit Court of Appeals concludes that such finding was without adequate evidence to support it, or otherwise contrary to law, the Board's petition to enforce it will be dismissed, or the employer's petition to have it set aside will be granted. Since the procedure before the Board is appropriate and the judicial review so provided is adequate, Congress had power to vest exclusive jurisdiction in the Board and the Circuit Court of Appeals. Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 343–346, 57 S. Ct. 816, 819, 820, 81 L.Ed. 1143."

The Court clearly holds that a district court was without jurisdiction to enjoin hearings by the National Labor Relations Board "because the power 'to prevent any person from engaging in any unfair labor practice affecting commerce' has been vested by Congress in the Board and the Circuit Court of Appeals * * *." See also Macauley v. Waterman Steamship Corporation, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839, and Aircraft & Diesel Equipment Corporation v. Hirsch, supra. We are of the opinion and hold that in the light of the review provisions in our law, the language quoted applies equally in the present situation.

In the case of Smith v. Southern Union Gas Co., 58 N.M. 197, 269 P.2d 745, this court had occasion to consider the effect of failure to exhaust administrative remedies and the jurisdiction of a district court to intervene. It was there held that the requirement that the statutory procedure of the Public Utility Act be exhausted before a court could intervene did not result in "a deprivation or ouster of jurisdiction of the courts, but a postponement until the commission has passed upon the complaint." See also Potash Company of America v. New Mexico Public Service Commission, 62 N.M. 1, 303 P.2d 908. Applying this pronouncement in the instant case, the conclusion is inescapable that so long as relator was proceeding under its statutory authority and administrative remedies had not been exhausted, the district court was without jurisdiction to entertain the proceedings, and accordingly was subject to prohibition by this court.

We also note the case of Abelleira v. District Court of Appeal, Third District, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715, the facts of which are almost identical with those here present. In this case, Chief Justice Gibson of the California Su-

preme Court reviews at length what is meant by "lack of jurisdiction" in a court so as to make prohibition lie against its proceeding. While in no sense intending to adopt any rule in this regard which might conflict with our own analysis in State, ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, supra, we are impressed with much of the reasoning and the conclusions there announced. In addition to the many cases cited in Abelleira v. District Court of Appeal, Third District, supra, we would also call attention to the note in 132 A.L.R. 738, as well as the following cases: Borough of Lansdale v. Philadelphia Electric Co., 403 Pa. 647, 170 A.2d 565; Public Service Comm. v. Eighth Judicial District Court, 61 Nev. 245, 123 P.2d 237; State ex rel. and to Use of Cirese v. Ridge, 345 Mo. 1096, 138 S.W.2d 1012; State ex rel. and to Use of Public Service Comm. v. Padberg, 346 Mo. 1133, 145 S.W.2d 150; Hayward v. State Corp. Comm., 151 Kan. 1008, 101 P. 2d 1041.

Respondent argues that the determination of whether McWood Corporation is a common or contract carrier so as to be subject to the powers imposed by the Constitution or statutes is judicial in nature, even though possibly a mixed question of law and fact, and cites United States v. Fritz Properties, D.C., 89 F.Supp. 772; Martin v. Federal Security Agency, D.C., 73 F.Supp. 482; In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59; Retirement Board v. Kansas City, (Mo.App.1949), 224 S.W.2d 623; Interstate Natural Gas Co. v. Louisiana Public Service Comm., D.C., 34 F.Supp. 980; Union Pac. R. Co. v. Bean, 167 Or. 535, 119 P.2d 575. He further argues that the question of whether McWood Corporation is such a carrier as to be under the jurisdiction of relator is a judicial question to be determined by a court before any jurisdiction vests in the relator. Without detailing the holdings in these cases, we are satisfied that they are easily distinguishable and in no sense controlling under the facts here present. On the contrary we are satisfied with the rules as announced in the cases cited supra, supporting the conclusion reached by us.

Inasmuch as a point is made by respondent that the declaratory judgment proceeding which had been filed by McWood Corporation had been pending at issue for many months, we make mention that we have not overlooked this fact, but are convinced that this circumstance does not indicate a different result than here announced. The same situation was present in Abelleira v. District Court of Appeal, Third District, supra.

The respondent's argument that declaratory judgment and injunction should lie because a proper interpretation of the statute would free him from the restrictions which are being imposed on his conduct of business and because he is being harassed and damaged through numerous arrests

is answered by the following quote from Myers v. Bethlehem Shipbuilding Corp., supra:

"Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

Also, we have not overlooked Rountree v. State Corp. Comm., 40 N.M. 152, 56 P. 2d 1121, relied on heavily by respondent. While it is true that the proceeding was identical with that present in the district court case seeking a declaratory judgment, and the district court determined that Rountree's operations were not subject to regulation and enjoined the Commission from interfering with them, and this action was affirmed by this court, we do not consider the case as authority or of assistance in deciding the issues here presented. In that case the jurisdiction of the district court to make the determination by way of declaratory judgment does not appear to have been questioned. On the contrary, it must have been assumed that such jurisdiction was present. In the instant case wherein this jurisdiction is directly challenged, we are called upon to decide the point, and do so. Nothing said or implied in Rountree v. State Corp. Comm., supra, is in any way conflicting with our present determination.

For the reasons stated, the alternative writ heretofore issued should be made absolute. IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, CHAVEZ and NOBLE, JJ., concur.