399 P.2d 646

**LLANO, INC., a New Mexico corporation, and International Minerals and Chemical Corporation, a corporation, Petitioners-Appellees,**

v.

**SOUTHERN UNION GAS COMPANY and New Mexico Public Service Commission, Respondents-Appellants.**

No. 7508.

Supreme Court of New Mexico.

Dec. 21, 1964.

Rehearing Denied March 26, 1965.

Turner, Atwood, Meer & Francis, A. S. Grenier, William S. Jameson, Dallas, Tex., McCormick, Lusk, Paine & Feezer, Carlsbad, for appellant Southern Union Gas Co.

Earl E. Hartley, Atty. Gen., Frederick G. Von Huben, John Jennings, Sp. Asst. Attys. Gen., Santa Fe, for appellant New Mexico Public Service Commission.

Atwood & Malone, Bob F. Turner, Roswell, Neal & Neal, Hobbs, for appellee Llano, Inc.

Neal & Matkins, Carlsbad, for appellee International Minerals & Chemical Corp.

COMPTON, Chief Justice.

The Southern Union Gas Company and the New Mexico Public Service Commission appeal from a judgment of the District Court of Lea County annulling and vacating an order of the Commission which had declared Llano, Inc., a New Mexico corporation, a public utility and ordered it to cease and desist from the sale and delivery of natural gas to International Minerals and Chemical Corporation until it had fully complied with the applicable provisions of

the New Mexico Public Utility Act, §§ 68–3–1 to 68–6–8, 68–7–1 to 68–11–1, 68–11–3 to 68–11–5, N.M.S.A., 1953 Comp. Throughout this opinion, except where reference is made to the parties as the appellants and the appellees, the individual appellants will be referred to as Southern Union and the Commission, and the individual appellees as Llano and International.

In April, 1962, Southern Union, pursuant to § 68–8–1, supra, filed its complaint with the Commission alleging, among other things, that Llano was about to engage in the construction and operation of plant, property and facilities for the distribution, sale and furnishing to or for the public of natural gas for heat, power or other uses in Lea and Eddy Counties and, in particular, was about to furnish natural gas to International for use at its mine and plant near Carlsbad; that Llano was then or would become a public utility subject to the jurisdiction of the Commission and had not complied with the provisions of the Public Utility Act applicable to it as a public utility; and that its activities would unreasonably interfere with the gas service of Southern Union.

The fundamental question in this case, which gave rise to the institution of proceedings before the Commission, is whether Llano is a public utility within the meaning of §§ 68–3–1 to 68–3–3 of the Act, supra. In addition, we are concerned with questions relating to the scope of review

of the Commission's Order by the district court.

The following pertinent facts are uncontroverted. Pursuant to simultaneous negotiations between Llano, the Marathon Oil Company and International, Llano entered into two agreements, one with Marathon in January, 1962, to purchase natural gas produced by it from its Lea Unit in Lea County, and the other with International in December, 1961, providing for the delivery and resale to International in Eddy County of gas purchased by Llano from Marathon. Under the gas purchase agreement, Marathon was committed to furnish the amount of gas required by Llano to fulfill the maximum requirements of the contract with International, and Llano was granted the right to purchase additional gas if and when there were uncommitted reserves in excess of those necessary to fulfill the requirements of International. In addition, this agreement provided that gas delivered to Llano was to be sold only to individual users for industrial use within New Mexico and not to be distributed, sold or furnished to or for the public.

Following the execution of these agreements, Llano constructed a 28-mile, six-inch, pipeline for the transportation of gas from the Lea Unit to the mine site of International at a cost in excess of $300,000.-00. In the construction of the pipeline, two side valves or "stubs" were installed, each

being opposite the location of a potential industrial user of natural gas. None of the funds for the construction of the pipeline were obtained from the public or through the sale of securities, nor was any power of eminent domain asserted in acquiring rights-of-way therefor.

Both prior and subsequent to the construction of the pipeline Llano was in contact with other industrial users of natural gas concerning the possibility of supplying them with gas. It is clear from the record that Llano proposed to contract to furnish service to other consumers in the event additional gas reserves became available to it and it was able to negotiate satisfactory arrangements with selected industrial users in the vicinity of its pipeline if by so doing it would not be dedicating its facilities or service to or for the public or subjecting itself to the jurisdiction of the Commission as a regulated utility. At the time of the hearing before the Commission, however, Llano had neither contracted to sell nor had sold gas to any industrial user other than International.

Southern Union is public utility regulated by the Public Service Commission and has for a number of years and now owns and operates plants and facilities for rendering natural gas service to or for the public within the area of Llano's pipeline and operations. It served International continuously from 1940 until June, 1962, when Llano began delivering gas to that company. The loss of International as a substantial user of its gas has resulted in a loss of revenues to Southern Union of almost $500,000.00 annually.

Upon the filing of the complaint before the Commission by Southern Union, a date was set for hearing. Thereafter, and we refer to it here only to give a history of the litigation, Llano filed an action in the District Court of Lea County under § 68–10–2, supra, seeking to enjoin the Commission and its members from proceeding further in the action before the Commission on the ground that Llano was not a public utility and, therefore, the Commission was without jurisdiction to hold the hearing. A motion by the appellants to dismiss the suit on the ground the Commission could determine its own jurisdiction subject to review by the district court was sustained, the case dismissed, and no appeal therefrom was taken by Llano.

Subsequently, at the hearing before the Commission, International having intervened as a proper party, the appellees filed a motion to dismiss the complaint denying the jurisdiction of the Commission to determine the judicial question of whether Llano was a public utility. They generally denied the allegations of the complaint and specifically denied that Llano was or ever would be a public utility within the meaning of the Public Utility Act, or that its

activities were subject to the jurisdiction of the Commission.

After a trial on the merits the Commission found and concluded that Llano was a public utility subject to its jurisdiction, and entered its order that Llano cease and desist its operations until full compliance with all applicable provisions of the Act.

The appellees' motion for rehearing having been overruled, they filed a petition in the district court of Lea County for review of the Commission's order, pursuant to § 68–9–1, supra, alleging the order to be unlawful, arbitrary, capricious and unreasonable on the ground that certain of the Commission's findings were not supported by substantial evidence and that certain of its conclusions of law were erroneous, and sought a de novo review of the order that Llano is a public utility. The appellants' motion to strike that portion of the petition claiming a right to a de novo review, as well as the appellees' motion to strike allegations in Southern Union's answer setting forth events transpiring after the hearing before the Commission, were denied.

At the trial to the court, the entire record of proceedings before the Commission was received in evidence. Objections to the reception of further evidence by the appellants were overruled, and further testimony on behalf of Llano was allowed. Requested findings of fact and conclusions of law were submitted by all parties, those of the Commission being identical to those upon which its order was based. Thereafter, the court rendered its decision, based upon the findings requested by Llano, concluding that it was not a public utility, and entered its judgment annulling and vacating the order of the Commission.

With respect to the scope of review by the district court, the appellants contend that the court erred in granting a de novo review of the Commission's order by receiving additional evidence and making new and independent findings of fact, for the reason that its review is limited by statute to determining only whether the findings of the Commission are supported by substantial evidence.

The appellees, on the other hand, contend that the determination of whether Llano is a public utility and, therefore, subject to the jurisdiction of the Commission, is a judicial function, separate and distinct from a review of the decision of the Commission acting under the supervisory and regulatory powers bestowed upon it by statute.

This court has consistently held that on appeals from administrative bodies the questions to be answered by the court are questions of law and are restricted to whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by sub-

stantial evidence and, generally, whether the action of the administrative body was within the scope of its authority. The district court may not substitute its judgment for that of the administrative body. Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225; Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323; Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769; Transcontinental Bus System, Inc. v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829; Garrett Freight Lines v. State Corporation Commission, 63 N.M. 48, 312 P.2d 1061; Ferguson-Steere Motor Co. v. State Corporation Commission, 63 N.M. 137, 314 P.2d 894; State ex rel. State Corporation Commission v. McCulloh, 63 N.M. 436, 321 P.2d 207; Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449; Continental Oil Co. v. Oil Conservation Commission, 70 N.M. 310, 373 P.2d 809; Kelley v. Carlsbad Irrigation District, 71 N.M. 464, 379 P.2d 763; and Durand v. Carlsbad Irrigation District, 71 N.M. 479, 379 P.2d 773. In Yarbrough v. Montoya, supra, the particular statute specifically provided for a hearing de novo. In Kelley v. Carlsbad Irrigation District, supra, the statute purporting to allow the court to consider new evidence and to exercise its independent judgment on the record before the administrative agency was held to be void as an unconstitutional delega-

tion of power contravening Art. III, § 1 of the New Mexico Constitution.

■ The appellees would contend, nevertheless, that the above cited cases were concerned with orders of an administrative head or agency made within the scope of the powers and functions delegated to it by statute. They assert that whether a jurisdictional question is considered by the court on a review of the Commission's order, after the administrative remedies have been exhausted, or whether it is considered de novo by the court in an action under § 68–10–2, supra, which provides for suits to enjoin the commission and its members from the exercise of jurisdiction not conferred by the Act, that court is entitled to admit all material evidence on the issue and exercise its independent judgment with respect thereto. The contention has no merit, as will be shown below. Our review here is based solely on the scope of review under §§ 68–9–1 to 68–9–7, supra.

In the recent case of State ex rel. State Corporation Comm. v. Zinn, 72 N.M. 29, 380 P.2d 182, this court made absolute a writ of prohibition restraining the district judge from considering whether the State Corporation Commission should be enjoined from proceeding with a hearing called to determine if one McWood Corporation was engaged in the transportation of property for hire in New Mexico, and subject to

the jurisdiction of that Commission. We said there that so long as the Commission was proceeding under its statutory authority with respect to a carrier allegedly engaged in transportation for hire, and the administrative remedies had not been exhausted, the district court was without jurisdiction to entertain a suit by the carrier against the Commission for declaratory judgment with respect to the same issue being considered by the Commission. The net effect of our holding in that case is that the State Corporation Commission would be acting within its implied legislative and/or administrative functions in determining its own jurisdiction.

It was attempted there, as here, to distinguish between our holdings in cases where the administrative body was acting within its legislative or ministerial functions and the situation there presented in which it was contended the administrative agency would be acting in a judicial capacity to determine its own jurisdiction. We found that distinction to be without merit. In this connection, attention is directed to Socorro Electric Co-op., Inc. v. Public Service Company, 66 N.M. 343, 348 P.2d 88, where the Commission ruled that it was without jurisdiction to grant affirmative relief to the intervenor cooperative.

While State ex rel. State Corporation Comm. v. Zinn, supra, is not concerned with questions relating to the scope of review of a determination of its own jurisdiction by the administrative agency, we think what was said there supports a holding in the instant case that the district court was limited on review to the record of the proceedings before the Commission, and erred in deciding otherwise.

In connection with the argument in the Zinn case that the State Corporation Commission would be usurping a judicial function by determining its own jurisdiction, this court quoted from Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, as follows:

"It is true that the Board [National Labor Relations Board] has jurisdiction only if the complaint concerns interstate or foreign commerce. Unless the Board finds that it does, the complaint must be dismissed. And, if it finds that interstate or foreign commerce is involved, but the Circuit Court of Appeals concludes that such finding was without adequate evidence to support it, or otherwise contrary to law, the Board's petition to enforce it will be dismissed, or the employer's petition to have it set aside will be granted. Since the procedure before the Board is appropriate and the judicial review so provided is adequate, Congress had power to vest exclusive jurisdiction in the Board and the Circuit Court of Appeals. * * *"

and we concluded that, in the light of the review provisions in our law, the language

just quoted applied equally in State v. Zinn. Thus, in effect, we held that the statutory provisions for review of an order of the State Corporation Commission by the district court, limited as that review is by our decisions, do not oust the courts of jurisdiction to annul and vacate a final administrative order as unlawful.

Section 68–9–1, supra, provides for review by the district court of alleged unreasonable and/or unlawful final orders of the Commission. Other pertinent sections of the statute read:

"68–9–3. Trial—Transcript of testimony on appeal.—In the trial of said cause in the district court, the transcript of the testimony shall be admissible in evidence at the instance of either party, and either party shall have the right to introduce all pleadings, findings and conclusions, opinions and orders, or copies thereof certified by the commission, made and entered in, or in connection with, the hearing before the commission; and the court, in its discretion, may permit or require the introduction of any other legal evidence which the court considers necessary or expedient to a determination of the case."

"68–9–5. Trial and judgment or decree on appeal.—The trial before the district court shall be before the court without a jury and the court shall have

no power to modify said action or order appealed from, but shall either affirm or annul and vacate the same. The court shall vacate and annul the order complained of, if it is made to appear to the satisfaction of the court that the order is unreasonable or unlawful. Proceedings in the district court shall be governed by the provisions of this act * * * and by the rules and practice and procedure in the district court promulgated by the Supreme Court of New Mexico."

We find nothing in the above statutory provisions that would broaden the limits placed on such a review by our decisions, or allow the court to exercise its independent judgment with respect to the record of the proceedings before it. Nor do we consider that the permitting or requiring, in the discretion of the court, of the introduction of other legal evidence considered necessary or expedient, contemplates the admission of other legal evidence which was not before the Commission.

In line with the long-standing policy in this jurisdiction with respect to the scope of review of administrative orders, set forth above, and with the language quoted in State v. Zinn, supra, we conclude that the court below was limited in its review to determining whether the order of the Commission was unreasonable and/or unlawful, whether it was supported by sub-

stantial evidence and, generally, whether the action of the Commission was within the scope of its authority.

This brings us to an examination of precisely what occurred below. In refusing to strike that portion of the petition for review calling for a de novo hearing, the court by written decision, in part, stated:

"* * * However, I have resolved this question on the basis of what I believe to be a valid statute as applied to the determination of this particular issue and will accordingly overrule the motion to strike the allegations relating to the right of the petitioner to a de novo trial on this issue. I might add that I use the term de novo in the sense that I will make an independent determination of the material facts on this issue and will as provided by statute permit the introduction in evidence of the transcript of the testimony taken before the commission and such additional evidence on this issue as my judicial discretion may dictate as being proper and necessary or expedient to a determination of this issue."

From what has been said, it is obvious that this decision of the court was error. Following it, the court admitted additional testimony on behalf of the appellees and, as evidenced by one of its findings, noted an activity of Llano which occurred subsequent to the hearing before the Commis-

sion. An examination of the record, however, fails to reveal that any significant new evidence was produced by the court's erroneous admission of additional testimony, and the court itself noted this fact.

Thereafter, requested findings of fact and conclusions of law were submitted by the respective parties. The court adopted those requested by the appellees and entered its final judgment annulling and vacating the order of the Commission on the ground that it was unreasonable and unlawful. This judgment was predicated upon two findings of fact, also given as conclusions of law, as follows:

"15. The order of the New Mexico Public Service Commission in Case No. 639, is unreasonable and unlawful in that the finding on which it is based, that LLano, Inc. 'has constructed and installed, and owns, operates and controls, a public utility plant for the distribution, sale and furnishing to or for the public of natural gas' *is not supported by substantial evidence presented to the Commission*, and the Order therefore should be annulled and vacated." (Emphasis ours.)

"16. *The record of the hearing before the Public Service Commission in Cause No. 639, does not contain substantial evidence* supporting the finding of the New Mexico Public Service Commission that Llano, Inc. has held,

and is holding, itself out as ready, willing and able to provide natural gas service to or for the public or any segment thereof. The Order based thereon is therefore erroneous, unreasonable and unlawful and should be annulled and vacated." (Emphasis ours.)

It is apparent that these two decisive findings and/or conclusions of the court are based upon the record of proceedings before the Commission. Based thereon, the court concluded that Llano was not a public utility subject to the jurisdiction of the Commission.

The appellants next contend the court was restricted to a review of the Commission's findings and conclusions and was without authority to make independent ones of its own. Although the court made separate findings we do not find that they were independent. There is authority for the making of separate findings and conclusions by a court on review of an administrative order. In Transcontinental Bus System v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829, we said:

"* * * The court's power was limited either to dismiss the cause or to adjudge the order of the Commission unlawful or unreasonable and vacate and set aside the same. This, of course, does not prevent the trial court from making findings of fact and conclusions of law which might point

out the reasons or grounds for the court's finding or concluding that the order of the Commission was unlawful or unreasonable. * * *"

See also Garrett Freight Lines v. State Corporation Commission, supra, which was before us for review of the judgment of the trial court on the combined record of the proceedings before the Commission and before the court, including findings of fact and conclusions of law of the court.

The separate findings of the court as to the evidentiary facts which were before both it and the Commission, relating specifically to the activities and operations of Llano, upon which a determination had to be made with respect to whether it was or was not a public utility under the Act, were uncontroverted. The only controversy here arises from the ultimate findings or conclusions based upon those evidentiary facts. The only additional evidence contained in the court's findings related to activities of Llano which occurred after the hearing before the Commission. This evidence could only have been favorable to Southern Union which brought it in and which now challenges the right of the court to hear new or additional evidence.

■ Despite the decision of the trial court on the motion to strike, that it could hear the cause de novo, admit additional evidence and make an independent deter-

mination of the material facts, which was clearly error, its action in annulling and vacating the Commission's order as unreasonable and unlawful was, in fact, based upon its review of the proceedings before the Commission, and its own failure to find substantial evidence to support the findings of the Commission, as set forth above, all as contemplated by the reviewing statute, supra.

In this situation, as in Continental Oil Company v. Oil Conservation Commission, supra, we can conceive of no benefit which would result from remanding the case to the trial court for another hearing, nor do the appellants so request. Therefore, in order to dispose of the matter, we will proceed to a determination of whether, under the facts before the Commission, the trial court erred in annulling and vacating the order of the Commission declaring Llano to be a public utility and subject to the jurisdiction of the New Mexico Public Service Commission.

Section 68–3–2(F) of the Public Utility Act, supra, defines a public utility as follows:

"'Public utility' or 'utility' means every person not engaged solely in interstate business and except as hereinafter stated, that now does or hereafter may own, operate, lease or control:

\*    \*    \*    \*    \*    \*

"(2) Any plant, property or facility for the manufacture, storage, distribution, sale or furnishing to or for the public of natural or manufactured gas, or mixed or liquefied petroleum gas, for light, heat, or power, or other uses: \* \* \*."

The crucial question is whether Llano owns or operates any plant or facility for the sale of natural gas "to or for the public."

In view of what was said in Socorro Electric Co-op., Inc. v. Public Service Co., supra, we deem it unnecessary to consider the decisions of other courts cited in the briefs. Although that case involved an electric cooperative expressly excluded by the Act, this court fully considered the question of what is a public utility within the meaning of the statutory definition set forth above. In that case we quoted from 73 C.J.S. Public Utilities § 2, p. 992, as follows:

"The test is, therefore, whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals.

"The public or private character of the enterprise does not depend, how-

ever, on the number of persons by whom it is used, *but on whether or not it is open to the use and service of all members of the public who may require it,* to the extent of its capacity; and the fact that only a limited number of persons may have occasion to use it does not make of it a private undertaking *if the public generally has a right to such use.* \* \* \*" (Emphasis ours.)

and from 43 Am.Jur. 571, Public Utilities and Services:

"As its name indicates, the term 'public utility' implies a public use and service to the public; and indeed, *the principal determinative characteristic of a public utility is that of service to or readiness to serve, an indefinite public (or portion of the public as such) which has a legal right to demand and receive its services or commodities."* (Emphasis ours.)

█ Applying these rules to the facts in the instant case we think the conclusion is inescapable that Llano at no time held itself out as engaged in supplying natural gas "to or for the public," or to any limited portion of the public which might require natural gas, to the extent of Llano's capacity. It is now legally committed to serve but one private industry, and has held itself out as willing to serve only such other private industrial users as it selects, if and

when additional natural gas reserves are available to it. Nor do we find any evidence, in support of the Commission's finding and/or conclusion, that Llano has held and is holding itself as ready, willing and able to provide natural gas service to or for the public or any segment thereof. On the contrary, the evidence is that the known reserves of gas committed to Llano for the performance of its contract with International are less than the maximum amount of gas called for under its contract with International and that it now has no other natural gas available to it. At this crucial point we hesitate long enough to say that we are only holding that Llano is not a public utility at this time. We express no opinion as to what may be its status if and when it commences to serve additional users at a time it has additional natural gas reserves.

The preamble of the Public Utility Act, § 68–3–1, states that public utilities are affected with a public interest in that, among other things,

"(1) a substantial portion of their business and activities involves the rendition of essential public services to large numbers of the general public,

"(2) their financing involves the investment of large sums of money, including capital obtained from many members of the general public, and

"(3) the development and extension of their business directly affects the development, growth, and expansion of the general welfare, business and industry of the state."

Unquestionably, Llano does not *now* fall within any of these categories.

The judgment of the court below annulling and vacating the order of the Commission as unreasonable and unlawful is affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.