637 P.2d 567

Wayne CONWELL, J. J. O'Connell, Thomas Shoats and Paul Frostenson, Plaintiffs-Appellees,

v.

CITY OF ALBUQUERQUE, Mayor David Rusk, Albuquerque Police Department, Chief E. L. Hansen, Labor Management Relations Board, Duane Gilkey, Harold Breen, George Cherpelis, Members, Defendants-Appellants.

No. 13689.

Supreme Court of New Mexico.

Dec. 11, 1981.

certiorari pursuant to Article VI, Section 13 of the New Mexico Constitution and reversed the LMRB decision, ordering "full back pay, seniority, and benefits from the date of the unlawful terminations." The City appeals from the reversal and the remedy granted.

The investigation of the officers' conduct began with a week-long radio surveillance conducted by Lt. Sandlin. Lt. Sandlin was the immediate supervisor of appellee Conwell; Conwell was the immediate supervisor of the other three appellees. Lt. Sandlin, with the concurrence of his supervisor, instructed the Department's Internal Affairs Unit (IAU) to further investigate. As part of the IAU investigation, the appellees were individually questioned by IAU officers. Each appellee was told prior to the recorded interrogation that the investigation was being conducted at the request of "his supervisors." Appellee Conwell was told after recording began that the questioning was "in reference to some allegations about the misuse of CB radios by yourself and your subordinates." The other appellees were likewise told that the interrogation involved allegations of "your misuse," "you[r] and some fellow officers['] * * misuse," or "misuse * * * which you may have been involved in."

Section 22 of the collective bargaining agreement governs IAU investigations. Section 22D provides:

The officer shall be informed of the nature, if known, of the investigation before any interrogation commences. Names of complainants shall be disclosed, together with sufficient information to reasonably apprise the officer of the allegations. If it is known that the member being interrogated is a witness only, he shall be so informed. When the officer is being interrogated as a principal, he shall be entitled to the presence of an attorney and/or one officer of his choice from the Albuquerque Police Department[,] excluding any officer under investigation for [the] same incident * * *.

Section 22G of the contract states that "[t]he complete interrogation of the mem-

George R. "Pat" Bryan, III, City Atty., Albert N. Thiel, Jr., Asst. City Atty., Albuquerque, for defendants-appellants.

William J. Tryon, Albuquerque, for plaintiffs-appellees.

OPINION

PAYNE, Justice.

The appellees, four Albuquerque Police Department officers, were discharged following an investigation of their use of citizen band radios while on duty. They filed charges with the City of Albuquerque's Labor-Management Relations Board (LMRB) alleging violation of the collective bargaining agreement between the City and the Albuquerque Police Officers Association. After conducting a hearing, the LMRB found no violation of the contract. The district court issued a decision by writ of

ber shall be recorded * * *. There will be no 'off-the-record' conversations except by mutual agreement."

The LMRB found that the investigating officers of the IAU substantially complied with Section 22 of the contract since "each of the charging parties was fully apprised of the allegations * * * and was made aware that he was a principal in the investigation prior to the commencement of the questioning." The City argues that there is substantial evidence in the record of the LMRB hearing to support the finding of no contract violation. The City also argues that, even if the district court properly overturned the LMRB decision, the court improperly awarded back pay to the appellees. The appellees argue that in overturning the LMRB decision the court corrected a misapplication of the governing law (the collective bargaining agreement) and the application by the LMRB of an incorrect "substantial compliance" standard. The appellees also argue that although there is no right to back pay under the ordinance governing the LMRB, the district court properly granted a traditional remedy for violation of employees' rights.

I.

■■■ Judicial review of an administrative decision is limited to determination of "whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by substantial evidence and, generally, whether the action of the administrative body was within the scope of its authority." *Llano, Inc. v. Southern Union Gas Company*, 75 N.M. 7, 11–12, 399 P.2d 646, 649 (1964). Although the reviewing court generally may not substitute its judgment for that of the administrative decisionmaker, *id.*, it may correct the decisionmaker's misapplication of the law. *See Chemical Workers v. Pittsburgh Glass*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); *Alto Village Services Corp. v. New Mexico, Etc.*, 92 N.M. 323, 587 P.2d 1334 (1978). In reviewing the district court's action we must make the same review of the LMRB decision on the record as

did the district court, applying the same legal standards. *Lloyd McKee Motors v. New Mex. St. Corp.*, 93 N.M. 539, 602 P.2d 1026 (1979); *Grace v. Oil Conservation Commission of New Mexico*, 87 N.M. 205, 531 P.2d 939 (1975); *El Paso Natural Gas Co. v. Oil Conservation Com'n*, 76 N.M. 268, 414 P.2d 496 (1966); *Reynolds v. Wiggins*, 74 N.M. 670, 397 P.2d 469 (1964).

The law governing the conduct of the interrogation is that stated in Section 22 of the collective bargaining agreement. The preamble to Section 22 states that the purposes of the procedures therein established are "[t]o insure that investigations by the Internal Affairs Unit are conducted in a manner conducive to public confidence, good order, discipline, and good management practices and recognizing the individual rights of each member of the force * *." We hold that only specific and careful compliance with the terms of Section 22 furthers those purposes. Permitting mere substantial compliance with Section 22 allows ambivalence and uncertainty and could defeat the purposes and undermine the agreement as negotiated by both parties. We therefore hold that the LMRB applied an incorrect standard when finding no contract violation because the IAU substantially rather than strictly complied with the terms of Section 22.

■■■ Section 22 plainly requires that the officer being investigated be informed, on the record, of everything prescribed by Section 22D. Section 22D specifies that he be told the names of the complainants, whether they be fellow officers or civilians. That section necessarily requires that the officer be told that he is being interrogated as a principal. If he is to be "entitled to the presence of an attorney and/or one officer" during the interrogation, he must be informed of his status as a principal. Failure to so inform him is a deprivation of an important bargained-for right.

■■■ After reviewing the record of the LMRB hearing under the standards here announced, we conclude that the investigation was conducted in violation of the collective bargaining agreement. Although

most of each of the interrogations was recorded, before the recording began each appellee was merely told that he was being investigated at the request of his supervisors. Not only did that not comply with Section 22D, but it was also misleading, since appellee Conwell was the supervisor of the other three appellees and they might well have thought that he was a complainant. The appellees were not specifically informed that they were being investigated as principals, which may have caused them to forego requesting that someone else be present, as permitted by the contract. We therefore affirm the district court holding that the investigative procedure violated the collective bargaining agreement, and that the LMRB decision was erroneous.

## II.

The City of Albuquerque has developed a comprehensive scheme governing relations with its employees. The Merit System Ordinance, comprising Article IX of the City's Revised Ordinances, governs the hiring, promotion and discharge of employees. The Labor-Management Relations Ordinance, comprising Article II of the Revised Ordinances, modifies the Merit System Ordinance with regard to those whose conditions of employment are governed by a collective bargaining agreement. We must examine both ordinances in order to decide whether the district court properly awarded back pay, seniority and benefits to the appellees.

Under the Merit System Ordinance, the City's Personnel Board is empowered to decide on appeal the merits of any disciplinary action taken by a department head. Albuquerque, N.M., Rev. Ordinances art. IX, §§ 2–9–24, –25(B)–(D) (1978). The Board may accept, reverse, or modify that action, *see id.* § 2–9–25(D)(4); methods of modifying that action include ordinary reinstatement with back pay and reducing dismissal to suspension without pay, *see id.* § 2–9–24(A). The appellees availed themselves of this appellate procedure, and prevailed before the Personnel Board on the merits of their dismissals. The Board's decision to reduce their terminations to ninety-day suspensions has not been appealed.

The Merit System Ordinance provides that employees with complaints regarding "the interpretation or application of a collective bargaining agreement may not utilize the grievance resolution procedures of this Ordinance. All such claims shall be properly referred to the Labor-Management Relations Board." *Id.* § 2–9–25(B). The LMRB, established pursuant to the Labor-Management Relations Ordinance, is empowered to, *inter alia*, determine whether the City or any employee collective bargaining organization has violated the provisions of any written agreement in force. If it determines that either has committed such a prohibited act the LMRB is required to state its findings of fact and its conclusion in the form of an order. Albuquerque, N.M., Rev. Ordinances art. II, §§ 2–2–9 to –10 (1977). Here the LMRB issued such an order.

The district court on review was limited to considering the propriety of the LMRB decision under the standards outlined in *Llano, Inc. v. Southern Union Gas Company, supra.* The court's options were to uphold the decision, reverse it, or vacate it and remand the case for further consideration; it could grant no further remedy. *See Tafoya v. New Mexico State Police Board,* 81 N.M. 710, 472 P.2d 973 (1970). We reverse the district court's award of back pay, seniority and benefits to the appellees as exceeding the scope of its review.

We therefore remand the case to the district court, with directions to amend its order in conformance with this opinion and further remand the case to the LMRB for such further proceedings as are consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.