464 P.2d 552 (1969)
81 N.M. 133
SPRINGER CORPORATION, Plaintiff-Appellee,
v.
STATE CORPORATION COMMISSION of New Mexico and M.E. Morgan, Columbus Ferguson and Floyd Cross, Members of said Commission, Defendants-Appellants,
v.
WHITFIELD TANK LINES, INC., Steere Tank Lines, Inc., E.B. Law & Son, Inc., and Western Oil Transportation Company, Inc., Defendants-Intervenors-Appellants.
No. 8744.
Supreme Court of New Mexico.
December 8, 1969.
Rehearing Denied February 10, 1970.
*553 Boston E. Witt, Atty. Gen., David R. Sierra, Robert J. Laughlin, Asst. Attys. Gen., Santa Fe, for appellants.
Jones, Gallegos, Snead & Wertheim, Santa Fe, for intervenors-appellants.
Smith & Piper, Albuquerque, for appellee.

OPINION
OMAN, Judge, Court of Appeals.
The State Corporation Commission, hereinafter called Commission, and the intervenors have taken this appeal from a judgment of the district court. The judgment vacated and set aside an order of the Commission rejecting and permanently suspending a proposed motor freight tariff filed by plaintiff with the Commission.
Plaintiff operates as a common carrier by motor vehicle under a certificate of public convenience and necessity originally issued by the Commission on October 28, 1948, authorizing plaintiff, insofar as here material, to transport "explosives and other dangerous articles." It appears this is the only certificate issued by the Commission which contains this particular language. Plaintiff claims authority under the certificate to haul certain flammable liquids and gasses, which the Commissioner and intervenors contend can be legally hauled only by those holding certificates authorizing the transportation of petroleum and petroleum products.
Rule 40 of the Rules and Regulations of the New Mexico Corporation Commission, Motor Transportation Department, adopts the applicable rules and regulations of the Interstate Commerce Commission, hereinafter called I.C.C., governing the transportation of "explosives and other dangerous articles." These rules and regulations of the I.C.C. are found in 49 C.F.R., § 72.5 [renumbered § 172.5 as of January 1, 1968]. All of the flammable liquids and flammable pressed gasses contained in plaintiff's proposed tariff are included in the list of "explosives and other dangerous articles" contained in the rules and regulations of the I.C.C., and they are also included within the category of "other dangerous articles" in the American Trucking Association Dangerous Article Tariff No. 8 (Now 12), as adopted by the Commission. The adopted Rules and Regulations and Tariff detail the methods and precautions to be followed and observed in the loading, handling and transporting of the *554 itemized explosives and other dangerous articles.
Plaintiff's proposed tariff purportedly relates to "Commodity Rates on Explosives and Other Dangerous Articles in Bulk, in Tank Trucks, Between Points and Places in New Mexico." The proposed tariff was filed with the Commission on January 20, 1967, with the intent that it should become effective on February 27, 1967.
The Commission questioned the tariff, ordered its suspension, and ordered an investigation thereof. The investigation was to be conducted, in part, into "* * * all matters and issues with respect to the lawfulness of the said schedule as proposed for use under Certificate No. N.M.S.C.C. 118-1, with specific reference to the issue of whether the commodities covered by the proposed tariff may be transported under authority held in Certificate 118-1. * * *"
A lengthy investigation in the form of a hearing was conducted by the Commission, and the parties participated therein. The findings made by the Commission which are material to this appeal are as follows:
"7. The commodities to which the tariff applies set forth in Items 140, 145, 150, 160 and 170 therein are commonly considered as petroleum, petroleum products, and petroleum derivatives when transported in bulk, in tank vehicles and are commonly hauled by carriers with authority to transport petroleum and petroleum products in bulk, in tank vehicles.
"8. Rule 40 of the State Corporation Commission adopts the Interstate Commerce Commission Rules and Regulations pertaining to the preparation and transportation of explosives and other dangerous articles by highway common carriers, for carriers holding proper authority, but does not authorize the transportation of commodities not listed in their authority.
"9. The State Corporation Commission in matters pertaining to the transportation of petroleum and petroleum products and the certificate of public convenience and necessity held by the respondent has never construed that portion of the certificate authorizing the transportation of explosives and other dangerous articles to provide authority for the transportation of the commodities included in the suspended tariff.
"10. The evidence of record demonstrates that respondent, until the filing of the suspended tariff, never construed the explosives and other dangerous articles authority in Certificate No. 118-1 to permit the transportation of the commodities in the suspended tariff.
"11. The respondent's explosives and other dangerous articles authority as set forth in Certificate No. 118-1, does not permit, nor has it ever permitted, the transportation of the commodities covered by and referred to in the suspended tariff in bulk in tank vehicles.
"12. There have been no proceedings to establish a need for the service respondent now seeks to provide and approval of the tariff would permit the establishment of a new service, without a showing of need for the service as required by law.
"13. The aforesaid tariff should be permanently suspended and disapproved."
In the action brought in district court pursuant to the provisions of § 64-27-68, N.M.S.A. 1953 (Repl. Vol. 9, pt. 2), the trial judge found and concluded that the Commission, by the adoption of Rule 40, determined and defined the meaning of the words, "explosives and other dangerous articles," for all purposes, including the authority of plaintiff under its certificate of public convenience and necessity to transport the questioned petroleum and petroleum products. Thereupon the trial court entered judgment vacating and setting aside the order of the Commission rejecting and permanently suspending the proposed tariff.
Thus, the principal issue to be determined on this appeal is the legal effect of the adoption by the Commission of its *555 Rule 40. We are of the opinion that the Commission, by adopting what are obviously safety rules and regulations governing the packaging, handling, loading and hauling of "explosives and other dangerous articles," did not thereby define and determine what articles, substances and materials plaintiff could properly transport under its authority to transport "explosives and other dangerous articles."
The Commission had the authority and primary responsibility of interpreting and construing the language of plaintiff's certificate. See Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Simpson v. United States, 200 F. Supp. 372 (S.D. Iowa 1961); E.B. Law and Son, Inc. v. United States, 247 F. Supp. 846 (D.N.M. 1965); Cabot Carbon Company v. Phillips Petroleum Company, 287 P.2d 675 (Okla. 1955).
This interpretation and construction could properly be arrived at only after investigation by the Commission. Compare W.T. Mayfield Sons Trucking Co. v. United States, 211 F. Supp. 619 (N.D.Ga. 1962); Simpson v. United States, supra; Denver Chicago Transport Company v. United States, 183 F. Supp. 785 (D.Colo. 1960); Dart Transit Co. v. Interstate Commerce Commission, 110 F. Supp. 876 (D.Minn. 1953).
The ultimate interpretation and construction by the Commission constituted an adjudication as to the extent of plaintiff's authority under the certificate. This adjudication required a public hearing after notice as provided by law. See Article XI, §§ 7 and 8, Constitution of New Mexico; §§ 64-27-38 and 65, N.M.S.A. 1953 (Repl. Vol. 9, pt. 2). Compare State ex rel. State Corporation Commission v. Zinn, 72 N.M. 29, 380 P.2d 182 (1963). The Commission conducted a hearing and entered the above mentioned written order consistent with its interpretation and construction.
In conducting the public hearing for the purpose of determining the proper construction of the language of the certificate, it was proper for the Commission to receive and consider (1) evidence as to trade usage and the understanding and meaning in the industry of certain terms [E.B. Law and Son, Inc. v. United States, supra; Black v. Interstate Commerce Commission, 167 F.2d 825 (5th Cir.1948); W.T. Mayfield Sons Trucking Co. v. United States, supra; Sims Motor Transport Lines, Inc. v. United States, 183 F. Supp. 113 (N.D.Ill. 1959); Arrow Trucking Co. v. United States, 181 F. Supp. 775 (N.D. Okla. 1960)]; (2) expert opinion testimony as to the scope and meaning of terms [Black v. Interstate Commerce Commission, supra]; (3) evidence as to settled administrative courses of dealing relative to the certificate [United States v. Amer. Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); Arrow Trucking Co. v. United States, supra]; and (4) evidence as to source proceedings and transportation activities of the certificate holder [Black v. Interstate Commerce Commission, supra; Simpson v. United States, supra; E.B. Law and Son, Inc. v. United States, supra; Malone Freight Lines Inc. v. United States, 107 F. Supp. 946 (N.D.Ala. 1952)].
The Commission's interpretation and construction of plaintiff's certificate was binding on the trial court unless the Commission's findings were unsupported by substantial evidence, or the Commission acted unlawfully, arbitrarily, capriciously or in abuse of its discretion. Groendyke Transp., Inc. v. New Mexico St. Corp. Comm., 79 N.M. 60, 439 P.2d 709 (1968); E.B. Law and Son, Inc. v. United States, supra. The evidence substantially supports the Commission's findings, arrived at after a properly and lawfully conducted investigation. Furthermore, the record fails to indicate an abuse of discretion or any arbitrary, capricious or unlawful conduct on the part of the Commission.
The refusal of the Commission to interpret and construe the term, "explosives and other dangerous articles," in plaintiff's certificate as being identical with the definition of this same term, *556 adopted for safety purposes by Rule 40, did not deprive the Commission's findings of substantial support in the evidence, nor did it operate to make these findings or the actions of the Commission unlawful, arbitrary, capricious or an abuse of discretion. The trial court could not properly substitute its judgment for that of the Commission with respect to the scope or meaning of the words, "explosives and other dangerous articles," by limiting the Commission's interpretation and construction to the single definition thereof found in the adopted rules and regulations of the I.C.C. See Dart Transit Co. v. Interstate Commerce Commission, supra; Groendyke Transp., Inc. v. New Mexico St. Corp. Comm., supra. Compare S.I.C. Finance-Loans of Menaul, Inc. v. Upton, 75 N.M. 780, 411 P.2d 755 (1966).
Plaintiff particularly relies upon the decisions in Houff Transfer v. United States, 105 F. Supp. 847 (W.D.Va. 1952) and West Coast Fast Freight v. United States, 205 F.2d 249 (9th Cir.1953).
In the Houff case, the motor carrier's certificate authorized transportation of "general commodities," but excepted "explosives and dangerous articles." A complaint was filed against Houff alleging it was unfairly and illegally transporting petroleum products. It admitted the transportation of petroleum products, but claimed a right to do so under its authority to transport "general commodities."
On exceptions to the examiner's report finding Houff was unauthorized under its certificate to transport petroleum products, the I.C.C. conducted a hearing and then entered an order upholding the examiner's finding. No effort was made in the court's decision, which upheld the order, to detail the evidence received and considered by the I.C.C. in this hearing. However, the I.C.C. unquestionably considered and gave great weight to its "Dangerous Articles Regulations."
The most that can be said for the decision in the Houff case is that the I.C.C. largely predicated its findings and conclusion on the fact that "gasoline and certain other petroleum products are classified as dangerous articles" in its "Dangerous Articles Regulations."
As already stated, the court refused to vacate and set aside the order entered by the I.C.C. pursuant to its findings and conclusion. By so doing, the court did not hold that the I.C.C. was compelled by law to interpret and construe the language in Houff's certificate in accordance with its "Explosives and Other Dangerous Articles Regulations."
In any event, the decision of the I.C.C., in finding the "Explosives and Dangerous Articles" exception in Houff's certificate included gasoline and other petroleum products, was not binding upon our Commission in making its determination of what is meant in plaintiff's certificate by "explosives and other dangerous articles." Nor does the decision of the United States Court of Appeals in the Houff case, upholding the I.C.C., compel us to conclude that our Commission was required to be guided by the same considerations and reach the same result as the I.C.C.
In West Coast Freight v. United States, supra, the defendant was charged in thirteen counts with transporting, in interstate commerce, "dangerous explosives" without authority in its certificate. These "dangerous explosives" fall within "Class A. Dangerous Explosives" under the Explosives and Other Dangerous Articles Regulations of the I.C.C. to which reference is above made and which, as already stated, were adopted by our Commission by its Rule 40.
The court in the West Coast case held that the classification, made by the I.C.C. under "Class A. Dangerous Explosives" in the Explosives and Other Dangerous Articles Regulations, constituted a determination of what was meant by and a sufficient definition of the words "dangerous explosives," contained in the certificate, to uphold defendant's convictions.
Even though we may agree that this was a sufficient definition of "dangerous explosives" to uphold the convictions, considering *557 the nature, issues and facts of that case, consistency does not require us in the case now before us, considering its nature and the issues and evidence presented therein, to hold the Commission was bound to find it had already conclusively determined, by the adoption of its Rule 40, that plaintiff was authorized, under the "explosives and other dangerous articles" authority in plaintiff's certificate, to transport petroleum and petroleum products as well as all the other approximately 2,000 articles, substances and materials itemized in the adopted safety rules and regulations of the I.C.C.
The judgment of the trial court must be reversed and the cause remanded with directions to the trial court to affirm the order of the Commission.
It is so ordered.
MOISE, C.J., and WATSON, J., concur.
TACKETT and COMPTON, JJ., dissent.
TACKETT, Justice (dissenting).
This action was filed in the District Court of Santa Fe County, New Mexico, on appeal from an order of defendants-appellants State Corporation Commission of New Mexico rejecting and permanently suspending a tariff filed by plaintiff-appellee. The proceedings of the Commission were reviewed by the district court, the Honorable Robert W. Reidy, District Judge sitting by designation of this court, and a judgment was entered reversing the decision of the Commission. Defendants and intervenors-appellants, not being satisfied with the trial court's decision, appeal.
Plaintiff filed with the Commission, on January 20, 1967, a Motor Freight Tariff Schedule No. 1, MC-NMCC No. 1, setting forth new rates on "explosives and other dangerous articles" which listed rates for a number of specified flammable liquids and flammable compressed gases. The tariff was filed pursuant to plaintiff's Certificate of Public Convenience and Necessity No. 118.1, which granted authority to transport "explosives and other dangerous articles."
Intervenors protested the tariff, which was suspended by the Commission by its Orders Nos. 2805 and 2808, pending an investigation. Subsequently, a hearing was held before the Commission and Order No. 2812 was issued, finding that plaintiff did not have authority to transport commodities covered in the proposed tariff, and rejected and permanently suspended plaintiff's Certificate No. 118.1, supra. The appeal of the Commission's order ensued.
A hearing was held on March 1, 1968, and the parties submitted findings of fact and conclusions of law. On May 13, 1968, the trial court filed its findings and conclusions to the effect that Rule 40, Rules and Regulations of the Commission, adopted the Rules and Regulations of the Interstate Commerce Commission governing the transportation of "explosives and other dangerous articles." Rule 40, supra, of the Commission, adopts the Interstate Commerce Commission's Rules and Regulations pertaining to the preparation and transportation of "explosives and other dangerous articles" by highway common carriers and for carriers holding proper authority, but does not authorize the transportation of commodities not listed in their authority.
The Commission and the intervenors contend that Rule 40, supra, only applies to the preparation for shipment of "explosives and other dangerous articles," and not to transportation as such.
I cannot agree with this contention as, by the adoption of Rule 40, supra, the Commission adopted the definition of such commodities, whether or not it intended to do so.
The trial court also found that the Commission's adoption of Rule 40, supra, of the Interstate Commerce Commission's Rules and Regulations pertaining to transportation of "explosives and other dangerous articles" in the definitional section thereof, constituted a binding definition of that term as it appeared in plaintiff's Certificate No. 118.1, supra. See, Houff Transfer *558 Inc. v. United States, 105 F. Supp. 857 (D.C.W.D.Va. 1952); and Coastal Tank Lines, Inc. v. Charlton Bros. Transportation Co., 48 M.C.C. 289 (1948).
It is true, as defendants and intervenors contend, that plaintiff had not theretofore filed a tariff or hauled "explosives or other dangerous articles" (petroleum and petroleum products in bulk), as defined in 49 C.F.R. § 172.5 (1968). Plaintiff was, however, authorized to transport such commodities under its Certificate No. 118.1, supra. Mere non-user of a certificate is not grounds for revocation of the certificate.
In Bennett v. State Corporation Commission, 73 N.M. 126, 385 P.2d 978 (1963), the Commission had cancelled a portion of a carrier's certificate on the grounds of dormancy of service, in that the carrier had not transported commodities covered by that portion of the certificate. In Bennett it is said this violated the rule in Musslewhite v. State Corporation Commission, 61 N.M. 97, 295 P.2d 216 (1956), and that:
"* * * [T]he 1959 amendment to § 64-27-12, supra, did not change the test of Musslewhite and that the test of abandonment of a certificate by a non-scheduled carrier operating over irregular routes applies with equal force to whether such permit has been allowed to become dormant. We paraphrase the test in Musslewhite as it applies to dormancy. Mere non-user or only occasional user by the holder of a certificate authorizing non-scheduled service over irregular routes does not constitute dormancy of service by a certificate holder who is shown at all times fully equipped, ready, able and willing to operate. Non-user, plus inability to operate, or refusal to accept business, or non-compliance with a proper order of the corporation commission might amount to dormancy, abandonment or discontinuance of service, which would authorize an amendment to or revocation of a permit."
The trial court correctly concluded that the Commission had ignored its own binding definition of the term "explosives and other dangerous articles" (petroleum and petroleum products in bulk), and had arbitrarily and capriciously reached a different result as to plaintiff. The trial court had full authority to make these findings and conclusions. Rule 40, supra; 49 C.F.R. § 172.5, supra; Bennett v. State Corporation Commission, supra. The adopted Rules and Regulations expressly define the term "explosives and other dangerous articles" by listing each of the commodities comprising the same. The Commission, in the instant case, applied an erroneous legal principle. The Commission's order should not stand, irrespective of the substantial evidence question. Groendyke Transport, Inc. v. New Mexico State Corporation Commission, 79 N.M. 60, 439 P.2d 709 (1968). Compare, Pre-Fab Transit Co. v. United States, 262 F. Supp. 1009 (D.C.Ill. 1967); E.B. Law and Son, Inc. v. United States, 247 F. Supp. 846 (D.C.N.M. 1965).
The trial court also correctly found that the Commission had previously adopted the American Trucking Association Tariff No. 8 (now No. 12) for "dangerous articles" and which also included all of the flammable gases and liquids listed in plaintiff's tariff.
The trial court did not substitute its judgment for that of the Commission, but rather explained clearly in its findings and conclusions that Rule 40, supra, as a matter of law, interpreted and defined the term "explosives and other dangerous articles."
The decision of the trial court should be affirmed. The majority holding otherwise, I respectfully dissent.
COMPTON, J., concurs.