493 P.2d 950

**LONE MOUNTAIN CATTLE COMPANY, Inc., a corporation, et al., Petitioners-Appellees,**

v.

**NEW MEXICO PUBLIC SERVICE COMMISSION and Plains Electric Generation and Transmission Cooperative, Respondents-Appellants.**

No. 9285.

Supreme Court of New Mexico.

Feb. 11, 1972.

Kegel & McCulloh, Santa Fe, for Plains Electric.

James L. Parmelee, Jr., Santa Fe, for N. M. Public Service Commission.

Daniel W. Caldwell, Springer, for appellants.

Mitchell, Mitchell & Alley, Santa Fe, Modrall, Sperling, Roehl, Harris & Sisk, Kenneth L. Harrigan, Albuquerque, for appellees.

OPINION

OMAN, Justice.

The New Mexico Public Service Commission (hereinafter called Commission) and Plains Electric Generation and Transmission Cooperative, Inc. (hereinafter called Plains) have taken this appeal from a judgment of the district court declaring

an order of the Commission to be null and void. We reverse.

The Commission and Plains are in agreement as to two points relied upon for reversal. We reverse on one of these points. We need not and do not decide the other of these points or the points relied upon by Plains alone.

The pertinent facts are:

(1) On February 12, 1968, the Commission issued to Plains a Certificate of Public Convenience and Necessity by which Plains was authorized to construct an electric transmission line from its Algodones Generating Station to Willard—a distance of approximately 71 miles—and related facilities consisting of a substation near Moriarty and a switching station at Algodones.

(2) Petitioners-appellees (hereinafter called Petitioners) are the owners of certain lands across which Plains intends to construct the transmission line.

(3) On September 10, 1969, Petitioners filed a complaint with the Commission by which they sought to have the Commission declare the certificate null and void by reason of the claimed failure of Plains to begin construction within one year as required by § 68–7–2, N.M.S.A. 1953 (Repl. Vol. 10, pt. 1, 1961).

(4) After a hearing on the issues raised by Petitioners' complaint and the answer of Plains thereto, the Commission entered a decision on November 18, 1969, consisting of findings of fact and an order. The portions of this decision essential to a disposition of the appeal now before us were:

"6. Plains Electric began construction of the subject transmission line within one year of the date it was granted its certificate within the meaning of the New Mexico Public Utility Act, the acquisition of rights of way and the preparation of surveys being a necessary part of this construction.

" * * *

"A. The authority granted by the Commission to Plains Electric in Case

No. 891 remains in full force and effect."

(5) Petitioners sought a review by the district court of the Commission's order pursuant to the provisions of §§ 68–9–1 to –4, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, 1961, Supp.1971) and § 68–9–5, N.M.S.A. 1953 (Repl. Vol. 10, pt. 1, 1961).

(6) The district court ordered the joinder of Plains as an additional party to the proceedings before that court.

(7) After a trial upon the record made before the Commission, in accordance with § 68–9–3, supra, the district court entered a decision consisting of findings of fact and conclusions of law. The portions of its findings and conclusions pertinent to a disposition of the appeal now before us were:

"7. As of February 25, 1969, Plains Electric had obtained approximately 30 miles of right-of-way for the construction of the 71 mile line, had surveyed the first 42 miles of the line, and had ordered some material and equipment for the Moriarty substation and the Algodones switching station."

"13. Finding number 6 by the Public Service Commission that

'Plains Electric began construction of the subject transmission line within one year of the date it was granted its Certificate within the meaning of the New Mexico Public Utility Act, the acquisition of right-of-way and the preparation of surveys being a necessary part of this construction.'

is not supported by substantial evidence."

"14. The acquisition of rights-of-way and the preparation of surveys does not constitute the beginning of construction within the meaning of Section 68–7–2, N.M.S.A. 1953."

"15. Even if the acquisition of rights-of-way and the preparation of surveys could be construed to constitute the beginning of construction within the meaning of Section 68–7–2, there is not substantial evidence that the same occurred

within one year of the grant of the Certificate."

"16. Plains Electric failed to begin construction of its plant, line, system, works or facilities within one year from the date of the issuance of the Certificate of Public Convenience and Necessity, failed to exercise the authority granted by the Certificate within one year of its issuance, and said Certificate is, therefore, null and void.

"19. The Order of the Public Service Commission in Case number 959, not being supported by substantial evidence, is erroneous, unreasonable, and unlawful and the Order should, therefore, be annulled and vacated."

(8) A judgment declaring the certificate annulled and vacated was entered by the court on February 23, 1971. This appeal is from that judgment.

The question to be resolved is whether the evidence supports Finding No. 6 of the Commission which is quoted above. The trial court, as shown by its above-quoted Conclusions Nos. 13 to 16 and 19, was of the opinion the finding was not supported by substantial evidence.

In considering the evidence, we must also consider upon whom the burden of proof rested in the hearing before the Commission and the nature and scope of the judicial review of the Commission's finding and order. The trial court's Conclusions Nos. 15 and 19 indicate a misapprehension as to where the burden of proof rested.

As we understand Petitioners, they admitted they had the burden of proving the allegations of their complaint filed with the Commission, and they cite as authority for this position International Minerals and Chemical Corp. v. New Mexico Public Service Commission, 81 N.M. 280, 466 P.2d 557 (1970), wherein we stated: " * * * the courts have uniformly imposed on administrative agencies the customary common-law rule that the moving party has the burden of proof. * * *"

Insofar as here material, the Petitioners alleged in their complaint before the Commission that:

"Respondent [Plains] failed to commence construction of the aforesaid transmission line and related facilities within one year from February 12, 1968 in accordance with the Commission's certificate and the Public Utility Act."

Petitioners submitted evidence in support of this allegation by offering a series of progress reports in the form of letters from Plains to the Commission. The first of these letters was dated February 25, 1969 and stated:

"In the matter of construction on the Algodones to Willard 115-kv transmission line, the following progress is reported:

"Approximately 30 miles of right-of-way have been acquired. Twelve miles of right-of-way are being negotiated.

"The site for the substation near Moriarty has been acquired.

"Surveys have been completed on the first 42 miles of the line from Algodones to Moriarty.

"Some material and equipment has been ordered for the Moriarty substation and the Algodones switching station.

"We will keep you advised of further progress on this facility."

It is apparent the information contained in this letter is the sole basis for the Commission's Finding No. 6 and the district court's Finding No. 7, which are quoted above.

No evidence was offered to explain what was meant by "surveys," or what was actually involved therein. No effort was made to clarify what was meant by "some material and equipment." And no evidence was offered to show what, if any, work had actually been done on the ground, except as to what may or may not be inferred from the contents of this letter. Respondents equate the commencement of "construction" with the turning of the first

spade of earth at the site of the first hole to be dug for the placement of the poles upon which the line is to be strung, or at the site where the substation or switching station is to be erected; or with the placing of the first piece of materials in its proper place upon the ground for fabrication into one of these facilities. They urge that all work in making acquisitions of right-of-way, in securing materials for the actual erection of the facilities, and in making surveys—regardless of what may be embraced therein—is merely preparation for construction.

The term "surveys" has a great number of meanings and embraces different activities in different areas of endeavor. See Webster's Third New International Dictionary, Unabridged (1961). The same is true of "construct" or "construction." See Webster's Third New International Dictionary, Unabridged, supra; 16A C.J.S. Construct, at 1231 (1956). See also Hollis v. Erwin, 237 Ark. 605, 374 S.W.2d 828 (1964); In re Anderson's Estate, 244 Iowa 325, 56 N.W.2d 913 (1953); Miller v. Cornell-Young Co., 171 S.C. 228, 171 S.E. 790 (1933); Seymour v. City of Tacoma, 6 Wash. 138, 32 P. 1077 (1893); State ex rel. Lassen v. United States Land Company, 3 Ariz.App. 167, 412 P.2d 736 (1966); National Charity League, Inc. v. County of Los Angeles, 164 Cal.App.2d 241, 330 P.2d 666 (1958).

█ It is conceded, and there can be no question about the fact that surveys for power transmission lines and other similar lines often include the removal of trees and other vegetation from the area of the line surveys, the staking of the line, and the preparation of the line site for entry thereon for the purpose of placing the poles and other materials to be used in the line. We do not know what actually was involved in the surveys here in question, but the burden was on Petitioners, as the moving parties before the Commission, to demonstrate by substantial evidence, and thereby prove to the Commission, that Plains "failed to commence construction of the aforesaid transmission line and related facilities within one year from February 12, 1968," as alleged in their complaint. In this they failed.

We are unable to agree that the acquisition of rights-of-way and the making of surveys—with all that might properly be included within these terms in connection with the construction of a power transmission line and the said related facilities—do not constitute a commencement of construction. We fail to understand how it can reasonably be said that construction cannot begin until the turning of the first shovel-full of earth in the digging of the first hole for the placement of the first pole, the turning of the first shovel-full of earth at the site where one of the related facilities is to be erected, or the placement of the first piece of materials in its proper place for fabrication into the line or the related facilities. In any event, there was no evidence that such shovel-full of earth had not been turned, or the first piece of materials had not been so placed, unless such can reasonably be inferred from the language of the letter quoted above.

█ Whether or not the construction had been commenced by February 12, 1969, was a question of fact to be determined by the Commission. As already stated, the burden was on the Petitioners to prove it had not been so commenced. Considering this burden, the nature and extent of the evidence adduced, and the qualifications of the Commission in knowing and understanding what is meant by "surveys" and "construction," in the sense in which these terms are used in the construction of power transmission lines and related facilities, we are of the opinion the Commission's Finding of Fact No. 6 is supported by substantial evidence. It was not the province of the trial court to substitute its judgment for that of the Commission. Seidenberg v. New Mexico Board of Medical Examiners, 80 N.M. 135, 452 P.2d 469 (1969); Llano, Inc. v. Southern Union Gas Company, 75

N.M. 7, 399 P.2d 646 (1964); Ferguson-Steere Motor Co. v. State Corp. Com'n., 63 N.M. 137, 314 P.2d 894 (1957). The Commission's construction of the certificate issued by it and the statutes governing its operation was binding on the district court, unless this construction was unreasonable or unlawful. Section 68–9–5, supra. See also Springer Corporation v. State Corporation Com'n., 81 N.M. 133, 464 P.2d 552 (1969). The only question in this case bearing on the issues of unreasonableness or unlawfulness is that of substantial evidence, and, as already stated, considering the evidence and upon whom the burden of proof lay, we are of the opinion the Commission's finding that construction had been commenced within one year is supported.

Because the letter from Plains was dated February 25, 1969, Petitioners argue, and the trial court held in its Conclusion No. 15, that there is no substantial evidence that construction actually commenced by February 12, 1969, even if the Commission was correct in holding the acquisition of rights-of-way and the making of surveys constitute the beginning of construction. The fallacy in this argument and in the trial court's conclusion lies in the fact that the burden was on Petitioners to prove that the acquisitions were not accomplished and the surveys were not made on or before February 12. This they did not do. It can be reasonably inferred, in the absence of evidence to the contrary, that the right-of-way acquisitions and the surveys were not accomplished between February 12 and February 25. In any event, the date of the letter is not inconsistent with Finding No. 6 of the Commission.

The judgment of the trial court declaring the certificate null and void should be reversed.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.